HENRY W. SAGE et al., Respondents, v. ANDREW R. CULVER et al., Appellants.

1. COMPLAINT — DEMURRER. When a complaint is met by a demurrer, on the ground that it does not state a cause of action, the pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated.

2. CORPORATION — ACCOUNTING — ACTION BY STOCKHOLDER. Where a corporation is exclusively under the control of the trustees and officers, whose acts and management are questioned, equity permits a stockholder to bring an action for an accounting in his own name.

3. PLEADING. When it can fairly be gathered from all the allegations of a complaint in such an action that the officers and directors of the corporation have made use of relations of trust and confidence in order to secure or promote some selfish interest, enough is then averred to set a court of equity in motion, and to require an answer from the defendants in regard to the facts.

4. STALE ACTION. If a claim or cause of action is barred by lapse of time, that defense must be presented by answer and cannot ordinarily be presented by demurrer.

5. COMPLAINT — DEMURRER. The complaint in an action brought by stockholders against the directors of a railroad corporation and the corporation for an accounting concerning certain transactions in regard to the management of its affairs, among other things, alleged that the defendants, as officers and trustees of the defendant railroad, took from themselves, as trustees and officers of another railroad, a lease of the latter, which they practically owned and managed, to the defendant corporation at an exorbitant rent, which arrangement had the effect to unlawfully deplete the funds and earnings of the defendant corporation and to injure the plaintiffs as stockholders therein ; that the defendants, as officers and trustees of the defendant railroad, had taken from its treasury large sums of money and paid the same to themselves as individuals on account of alleged loans or advances made by them to the corporation of which the plaintiffs were stockholders; that they had concealed the origin and nature of this debt from the plaintiffs, and had made false statements in regard to the same. *Held,* that a demurrer to said complaint, on the ground of insufficiency, was properly overruled.

Reported below, 71 Hun, 42.

(Argued October 8, 1895; decided October 15, 1895.)

APPEAL from an interlocutory judgment of the General Term of the Supreme Court in the second judicial department,

31

entered upon an order made August 12, 1893, which reversed an order of the Special Term and the interlocutory judgment entered thereon sustaining defendants' demurrer to plaintiffs' complaint, and overruled said demurrer.

The nature of the action and the allegations of the complaint, so far as material, are set forth in the opinion. ⸱

*George W. Wingate* for appellants. None of the allegations stated in the complaint as to the actions of defendants Culver and Washington constitute a cause of action. (*Clark* v. *Dillon*, 97 N. Y. 373 ; *Marie* v. *Garrison*, 83 N. Y. 15 ; *Masterson* v. *Townshend*, 123 N. Y. 461 ; *Coffin* v. *G. R., etc., Co.*, 18 N. Y. Supp. 787 ; *Thomas* v. *M. M. P. Union*, 121 N. Y. 51 ; *Thomas* v. *N. Y. & G. L. R. R. Co.*, 139 N. Y. 163 ; *Williams* v. *Ingersoll*, 89 N. Y. 508.) The fact that Culver and Washington, while officers of the corporation, have dealt with it does not authorize a stockholder to sue them for an accounting in the absence of an allegation of fraud. (*Union Pacific* v. *Credit Mobilier*, 98 U. S. 569 ; *Gamble* v. *Q. C. W. Co.*, 123 N. Y. 91 ; *In re State Reservation*, 122 N. Y. 177 ; *Beveridge* v. *N. Y. E. R. R. Co.*, 112 N. Y. 1.) The refusal by the defendants to permit the plaintiffs to examine the books and papers of the company does not authorize this action for an inspection and accounting. (*Regina* v. *M. M. Co.*, 1 El. & El. 289 ; *Cotheal* v. *Brown*, 5 N. Y. 562 ; *In re Martin*, 62 Hun, 557 ; 133 N. Y. 692 ; *In re Sage*, 70 N. Y. 220 ; Laws of 1892, chap. 2, § 29 ; High on Injunctions, chap. 1, § 29 ; *McLaury* v. *Hart*, 121 N. Y. 642.) Even if it should be admitted that the plaintiffs as stockholders had the right to examine at will all the books and papers of this corporation, and that the refusal of its officers to permit this examination was improper ; yet even this would not authorize the present action, which in form is for an accounting. (*People* v. *Throop*, 12 Wend. 185 ; *In re Sage*, 70 N. Y. 220 ; *People* v. *L. S. & M. S. R. Co.*, 11 Hun, 1.) A demand by an attorney to be shown the books is insufficient as a foundation for a mandamus. (*People* v. *U. S. M. R. Co.*, 20 Abb. [N. C.] 192.) The great

length of time which has elapsed since the transactions complained of is a bar to the prosecution of an action for equitable relief. (*Sullivan* v. *Portland*, 94 U. S. 811; *Calhoun* v. *Millard*, 121 N. Y. 69; *Dimpfell* v. *O. & M. R. R. Co.*, 110 U. S. 209; *Foster* v. *M. R. R. Co.*, 146 U. S. 88; *Johnston* v. *S. M. Co.*, 148 U. S. 360; *Kirby* v. *L. S. & M. S. R. R. Co.*, 120 U. S. 130, 139; *Miller* v. *Wood*, 116 N. Y. 350; *Carr* v. *Thompson*, 87 N. Y. 160; *Allen* v. *Wilson*, 28 Fed. Rep. 677; *Kent* v. *Q. M. Co.*, 78 N. Y. 159; *Barr* v. *N. Y., L. E. & W. R. R. Co.*, 125 N. Y. 263; *Spiedel* v. *Henrici*, 120 U. S. 377, 387; *Humbert* v. *Trinity Church*, 24 Wend. 587, 595; 7 Paige, 195; *Fogg* v. *Price*, 145 Mass. 513; *Selover* v. *Coe*, 63 N. Y. 439; *Harwood* v. *R. R. Co.*, 84 U. S. 78; *T. L. O. Co.* v. *Marbury*, 91 U. S. 587.) The complaint is demurrable because it fails to allege that plaintiff brings this suit on behalf of himself and all others similarly situated; that he has made application to the corporation to bring the suit, and that they have refused to do so. These assertions are indispensable to establish a cause of action. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52, 60; *Greaves* v. *Gouge*, 16 Abb. Pr. 377; 69 N. Y. 156; *Hawes* v. *Oakland*, 104 U. S. 450; *Porter* v. *Sabin*, 149 U. S. 478; *Davenport* v. *Dows*, 18 Wall. 626; *U. S.* v. *U. P. R. Co.*, 98 U. S. 610; *Smith* v. *Hurd*, 12 Metc. 371; *Craig* v. *Gregg*, 83 Penn. St. 19; *Allen* v. *Curtis*, 26 Conn. 456; *Howe* v. *Barney*, 45 Fed. Rep. 668; *Hirsh* v. *Jones*, 56 Fed. Rep. 137; *Dewing* v. *Perdicaries*, 96 U. S. 198; *Wallace* v. *Bank*, 89 Tenn. 630; *McMullen* v. *Ritchie*, 64 Fed. Rep. 262; *Wertheim* v. *Page*, 10 Wkly. Dig. 26; 84 N. Y. 674.)

*William C. De Witt* for respondents. When a trustee deals with himself he is bound to explain his transactions to the *cestuis que trust;* and, it appearing that the defendants Culver and Washington, as officers of the corporation, have paid to themselves, as for a debt, at least $250,000 out of the treasury of the corporation; have concealed the origin and nature of this debt; and, when driven to explain, have made

false statements; and it further appearing that such officers have been constantly in receipt of large revenues from the corporation in the character of officers of another corporation, and as part owners of other properties, the right of the plaintiffs to an accounting and relief in equity is supported by the strongest principles of law and justice. (3 Greenl. on Ev. § 253; *Cowee* v. *Cornell,* 75 N. Y. 100; *Crowe* v. *Ballard,* 1 Ves. 221, n. 2; *Gibson* v. *Jeyes,* 6 Ves. 278; *Montesquieu* v. *Sandys,* 18 Ves. 301, n.; *Harris* v. *Temenheere,* 15 Ves. 40; *Jones* v. *Thomas,* 2 Y. & C. 498; *Mechond* v. *Girod,* 4 How. [U. S.] 553; *Butts* v. *Wood,* 38 Barb. 189; Ang. & Ames on Corp. [3d ed.] 258, 260, 304, 305; *Robinson* v. *Smith,* 3 Paige, 232; *C. C. Co.* v. *Sherman,* 30 Barb. 562, 568; *Ogden* v. *Murray,* 39 N. Y. 207; Story's Eq. Juris. § 466; Hill on Trustees, 535; *A. R. Co.* v. *Blaikie,* 30 Barb. 571; *Gardner* v. *Ogden,* 22 N. Y. 332; *Butts* v. *Wood,* 37 N. Y. 317.) It is the case of shareholders claiming that they have been wronged and damaged in their individual interests and property by the unlawful acts of officers having exclusive control of the corporation (in fact by the corporation itself), and seeking equitable redress. Such an action has always been maintainable in equity. (*Barr* v. *N. Y., L. E. & W. R. R. Co.,* 96 N. Y. 444; *Dodge* v. *Woolsey,* 18 How. [U. S.] 331, 341; *Leslie* v. *Lorillard,* 110 N. Y. 519; *Hawes* v. *Oakland,* 104 U. S. 450, 460; *Ziegler* v. *Hoagland,* 52 Hun, 385; *Gray* v. *N. Y. & V. S. Co.,* 3 Hun, 383; *Koehler* v. *B. R. F. I. Co.,* 2 Black, 715; *Currier* v. *N. Y., W. S. & B. R. R. Co.,* 35 Hun, 355; Spelling on Priv. Corp. §§ 613, 616; Morawetz on Priv. Corp. §§ 245, 250, 255; *Gamble* v. *Q. C. W. Co.,* 52 Hun, 166, 168; *Rogers* v. *A. Works,* 52 Ind. 297, 304.) In an action in equity, brought against trustees occupying a fiduciary and confidential relation to the plaintiffs, it is enough if the complaint states facts sufficient to raise in law a presumption of fraud and wrongdoing on the part of the trustees, which have caused loss and damage to the plaintiffs. Where fraud in law is thus made apparent, a specific allegation of fraud by the pleader, which would be at best opinionative, is

unnecessary. (*Scofield* v. *Whitelegge*, 49 N. Y. 261 ; *Rich* v. *N. Y. C. & H. R. R. R. Co.*, 87 N. Y. 394; *Harrington* v. *Bruce*, 84 N. Y. 103 ; *Pattison* v. *Adams*, 7 Hill, 127 ; Story's Eq. Pl. § 29.) No demand upon the defendants or upon the corporation that the corporation should bring the action in the first instance was necessary in this case because it appears that the corporation was exclusively under the control of the wrongdoers, and such a demand would have been idle and absurd. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52, 59, 60 ; *Robinson* v. *Smith*, 3 Paige, 230 ; Morawetz on Priv. Corp. § 256 ; Code Civ. Pro. §§ 452, 488, 490.)

O'BRIEN, J. While the complaint in this action is open to criticism as lacking in that clearness and fullness of statement essential to good pleading, yet we think that the decision of the General Term overruling the defendants' demurrer was correct. When a complaint is met by a demurrer on the ground of insufficiency, the question always is whether, assuming every fact alleged to be true, enough has been well stated to constitute any cause of action whatever. The complaint will be deemed to be sufficient whenever the requisite allegations can be fairly gathered from all the averments, though the statement of them may be argumentative and the pleading deficient in logical order and in technical language. The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated. (*Zabriskie* v. *Smith*, 13 N. Y. 330 ; *Marie* v. *Garrison*, 83 id. 14, 23 ; *Sanders* v. *Soutter*, 126 id. 193.)

The complaint in this case was not, we think, so deficient in the statement of facts as to warrant the defendants in assailing it by demurrer.

The defendants own a very large majority of the stock of the railroad which is joined with them as defendant, and they are its trustees, and practically, by reason of their ownership of nearly all the stock, the sole directors and managers. The

plaintiffs own a small amount of the stock and some of the bonds of the road, and to the extent of their holdings are interested in the management of the property. They bring this action as such stockholders against the defendants as directors and ask the court to adjudge that the defendants account to them or to the corporation concerning certain transactions in regard to the management of the affairs of the corporation which are stated in the complaint. It is the sufficiency of these allegations as the basis of an action that is challenged by the demurrer. The complaint contains proper allegations to warrant the plaintiffs as stockholders in bringing the action, instead of the corporation itself, and there is no difficulty on that ground, if the allegations are otherwise sufficient. Where the corporation is exclusively under the control of the trustees and officers whose acts and manage-. ment are questioned a demand that the corporation bring the action would be idle and fruitless and in such cases equity permits the stockholder to bring the action in his own name. (*Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; *Hawes* v. *Oakland*, 104 U. S. 450; *Leslie* v. *Lorillard*, 110 N. Y. 519.)

There are, we think, at least two facts stated in the complaint, or which are fairly to be gathered or implied from the allegations, which are sufficient to require the defendants to answer: (1) It is alleged in substance that the defendants, as officers and trustees of the defendant railroad, took from themselves, as trustees and officers of another railroad, a lease of the latter, which they practically owned and managed, to the defendant corporation at an exorbitant rent, which arrangement has the effect to unlawfully deplete the funds and earnings of the defendant corporation and to injure the plaintiffs as stockholders therein. (2) It is also averred in substance that the defendants, as officers and trustees of the defendant railroad, have taken from its treasury large sums of money and paid the same to themselves as individuals on account of alleged loans or advances made by them to the corporation of which the plaintiffs are stockholders. That they have concealed the origin and nature of this debt from

the plaintiffs, and have made false statements in regard to the same.

When a trustee or the officer or director of a corporation deals with himself as an individual, or in the character of trustee, director or officer of another corporation, with respect to the funds, securities or property of the corporation, the transaction is at least open to question by the corporation, or, in a proper case, by its stockholders, and the trustee is bound to explain the transaction and show that the same was fair and that no undue advantage has been taken by him of his position for his own advantage or the advantage of some other corporation in which he has an interest.

When it can fairly be gathered from all the allegations of a complaint that the officers and directors of a corporation have made use of relations of trust and confidence in order to secure or promote some selfish interest, enough is then averred to set a court of equity in motion and to require an answer from the defendants in regard to the facts. When it appears that the trustee or officer has violated the moral obligation to refrain from placing himself in relations which ordinarily produce a conflict between self-interest and integrity, there is in equity a presumption against the transaction, which he is required to explain. (*Cowee* v. *Cornell*, 75 N. Y. 100; *Crowe* v. *Ballard*, 1 Vesey, 221, note 2; *Gibson* v. *Jeyes*, 6 id. 278; *Michoud* v. *Girod*, 4 How. [U. S.] 553; *Butts* v. *Wood*, 37 N. Y. 317; *Ogden* v. *Murray*, 39 id. 207; *Gardner* v. *Ogden*, 22 id. 332.)

Parties holding relations of trust and confidence towards others, such as these defendants occupy towards the plaintiffs, cannot ordinarily afford to admit, by a demurrer, charges, though quite indefinite and uncertain, that they have made profit for themselves by means of transactions such as are fairly to be gathered from the averments of the complaint.

It is also urged that since the complaint shows upon its face that the transactions stated were had many years ago, the plaintiffs are chargeable with such *laches*, and their cause of action, if any, is so stale that equity will decline to interfere.

The answer to this point is, that if the claim or cause of action is barred by lapse of time, that defense must be presented by answer, and the mere fact that it is old is not an objection that can ordinarily be presented by demurrer. (*Zibly* v. *F. L. & T. Co.*, 139 N. Y. 461.)

The order of the General Term overruling the demurrer should be affirmed, with costs, with leave to the defendants to answer within twenty days from service of the order, upon payment of costs.

All concur.

Ordered accordingly.