(17 Misc. Rep. 227)

WATKINS et al. v. WATKINS & TURNER LUMBER CO. et al.

(Supreme Court, Special Term, St. Lawrence County. May, 1896.)

1. CORPORATION—RIGHTS OF STOCKHOLDERS—MISMANAGEMENT BY TRUSTEES.
   Equity will protect the stockholders against loss by reason of the trustees' conducting the affairs of the corporation for their own pecuniary benefit.

2. SAME—CONCURRENCE BY TRUSTEES IN WRONGFUL ACTS.
   In an action by stockholders against the trustees, who were alleged to be conducting the affairs of the corporation for their own benefit, relief is not restricted to such acts as were concurred in by all the trustees, but it is proper to allege direct pecuniary benefit to some of the trustees, and a negligent sufferance of these acts by the others.

Action by Harriet A. Watkins and others against the Watkins & Turner Lumber Company and others. Defendants demur to the complaint. Overruled.

A. X. Parker, J. G. McIntyre, and Thomas Spratt, for plaintiffs.
T. F. Conway and Theo. H. Swift, for defendants.

RUSSELL, J. The right of a stockholder of a manufacturing corporation to obtain relief against the trustees upon the charge of mismanagement and bad faith is vigorously and skillfully assailed

by the counsel for the defendants, and the attack is, to some extent at least, sustained by opinions of learned courts in cases more or less akin to the one at bar. Legislation and judicial writings have proceeded pari passu in the control of negligent or corrupt action by officers of corporations with two distinctive objects in view, which are so often antagonistic as to the results to be reached that seeming inconsistencies in the construction of statutory and unwritten law have many times occurred, as found in the reports of this and other states. These two objects are: First, to allow the trustees and officers of the corporation fair and untrammeled right of action in the discretionary and oftentimes perplexing conduct of affairs; and, secondly, to protect the stockholders from improper waste of the property in charge of fiduciary agents, which property in fact belongs to the owners of the stock. It is therefore important, in applying the principles of leading cases as to the rights of stockholders, to bear in mind the limits within which the courts may intervene, and also the necessity of affording relief in some peculiar cases to protect the owners of the corporate property. The courts will not dissolve a corporation except in the methods prescribed by statutory law, nor take its management out of the hands of its properly chosen officers, and put it in the hands of a receiver, unless necessity compels. But they will, when necessary to the preservation of the rights of stockholders, interfere to prevent unlawful or corrupt action by the officers which is in direct antagonism to the interests of the corporation itself, if so substantially injurious in its character as to ultimately lead to a destruction of valuable pecuniary rights. In the present case this court must assume, on the issue raised by the demurrer, that the allegations of the complaint are true, and all fair intendments and presumptions from such allegations must be adopted as correct. Upon those facts and presumptions the Watkins & Turner Lumber Company appears to be wholly within the grasp of the other defendants, and its management conducted for the pecuniary profit and advantage of those defendants, to the destruction of the interests of the plaintiffs, unless this court intervenes to protect them. So concluding, a court will afford relief of some kind and to the extent necessary to protect the innocent stockholders, even though all of the relief demanded may not be granted in the final judgment. Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. In bringing this action it was essential, as an accounting was prayed for, that all of the acts of the trustees unlawfully done should be within the scope of the action. Whether those acts charge direct pecuniary benefit to some of the trustees, and a negligent sufferance of those acts by the others, does not affect the maintenance of the action, and in such an equitable action it is impracticable to review only such things as affect with equal force all of the trustees. The judgment should make a clean sweep of all things which come within the purview of the mismanagement of the corporation, so that other proceedings may be unnecessary. There is also no doubt but that the plaintiff Henry A. Watkins, while nominally only a party as administrator, being also a beneficiary of the estate he represents, will be concluded in his personal rights by the judgment in

this action, and therefore, in an equitable action, the fact that he is not named personally as a party to the litigation does not prevent the inquiry sought by the scope of the complaint. The demurrer, therefore, is overruled, and judgment ordered for the plaintiffs, with leave to the defendants to answer within 20 days upon payment of costs, upon the ground that in the present action, under the allegations of the complaint, the plaintiffs are entitled to some relief, the extent of which can only be settled by the form of the final judgment.

Demurrer overruled, and judgment ordered for plaintiffs, with leave to defendants to answer.