(86 App. Div. 29.)

FALLON v. UNITED STATES DIRECTORY CO. et al.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. CORPORATIONS—ACTION BY STOCKHOLDER—RECEIVER.

A complaint by a stockholder, who was also president of the corporation, alleging that the secretary and treasurer had concealed the records, contracts, vouchers, etc., of the concern, refusing plaintiff access thereto, and were preventing the transaction of the business, which would be lost

unless a receiver was appointed, and also asking for an injunction, but not alleging fraud or mismanagement by any other officers or of the directors, or that the directors had been requested to institute any proceeding for the relief of the corporation, did not state a cause of action.

Appeal from Special Term, New York County.

Proceedings by J. Power Fallon against the United States Directory Company and others. From an order appointing a temporary receiver of the defendant corporation and directing a certain storage company to deliver to him all the books and papers of the corporation, and enjoining the other defendants from interfering with the business of the corporation, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Jacob W. Kahn, for appellants.
Charles E. La Barbier, for respondent.

LAUGHLIN, J. The defendant company is a domestic corporation, and was incorporated in the month of November, 1902. The complaint alleges that the business of the corporation is "to publish the United States Business Directory and kindred publications." The plaintiff, prior to the incorporation, was individually engaged in publishing publications known as "United States Business Directory" and also the "Combined Business Directory of New York, Baltimore, Boston, Philadelphia, and Newark," and other directories. He sold an undivided half interest therein to the defendant Henry L. Giles. The corporation was then formed, and their rights in these publications were transferred to it. The capital stock consisted of 600 shares of $100 each, divided into common and preferred stock. One hundred and fifty shares of the common stock were issued to the plaintiff, and a like amount to the defendant Beulah M. Giles. Fifty shares of the preferred stock were also issued to the plaintiff, and 53 shares thereof to the defendant Beulah M. Giles. Two other individuals received one and three shares, respectively, of the preferred stock. The balance of the capital stock remains in the treasury. The plaintiff was elected president, and Henry L. Giles secretary and treasurer, of the company. The complaint alleges that the corporation proceeded with these and other kindred publications; that the United States Business Directory was about to be issued; that valuable contracts for advertising had been received in canvassing and soliciting subscriptions for said publication; that these contracts were kept in the safe of the company at its office in the city of New York; that on the 2d of February, 1903, the secretary and treasurer took from the safe of the company, without its consent, all the contracts and valuable records of the company, consisting of contract book, vouchers showing payments made on contracts, and "has sequestrated and hidden" the same, and refuses to surrender the same to the plaintiff as president, or disclose their whereabouts, or permit the president to have access thereto; that these acts have materially injured the business of the corporation in rendering it unable to collect moneys due on the contracts and to continue the publications; that the secretary and treasurer has notified the employés of the company

that their services are no longer required; that the corporation is dependent upon its contracts to carry on the business, and "that the said business will be lost unless a receiver be appointed by this court to take possession of the property of the defendant corporation, and complete the publications above referred to, and to carry out the contracts heretofore made in said business." The relief demanded is: "First. For a judgment of injunction. Second. That a receiver of said defendant corporation be appointed of all its assets, property, good will, books, and contracts of the said defendant company, with power to carry out the contracts and complete the enterprises aforesaid, and to collect all of the debts due and owing to it, and to do each and every other act necessary in the conduct of the said business; and that the plaintiff have such other and further relief as may be just and equitable in the premises, and that plaintiff may recover the costs and disbursements of the action."

The secretary and treasurer presented an affidavit in opposition to the motion, setting forth a by-law of the company giving the secretary and treasurer the custody of the books, records, and papers of the corporation, and stating that on account of certain injunction orders for infringement of copyrights, which had been obtained against the company on the 10th day of December, 1902, shortly after its incorporation, he was of opinion that the business could not be continued without violating the injunction orders, and for that reason he took the books, records, and papers, and deposited them with the Manhattan Storage Warehouse Company, but he claims to have informed the plaintiff thereof, and to have offered the president access thereto.

We are of opinion that the complaint fails to state a cause of action, and that the order was unauthorized. The action is not brought for the dissolution of the corporation on the ground of insolvency or otherwise; but, on the contrary, it clearly appears to be the desire of the plaintiff to have the business of the corporation continued, and he so states in his affidavits. There is no allegation of fraud or mismanagement on the part of any of the officers or directors of the corporation except the secretary and treasurer. Nor is it shown that the board of directors have been requested to, or have refused to, institute any proper action or proceeding for the relief of the corporation. The plaintiff brings the action in his own right as a stockholder of the company. The effect of the order is to take the management and control of the business of the corporation from the hands of the board of directors, and to vest it in the receiver; and that is the only permanent relief demanded. Doubtless an action might be maintained on these facts for the removal of the secretary and treasurer, and for a decree directing the election of his successor, and that the books, papers, and records be surrendered up to the corporation; and in such an action an injunction preventing their removal might have been obtained. This would leave the management of the affairs of the corporation to the board of directors, where it is vested by law; but, as has been seen, that is not the theory on which the action is brought, or the relief demanded. It is unnecessary to determine what remedies the corporation may

have, for in any court this action cannot be maintained on the facts alleged.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

