HOLMES v. ELY.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. ACTIONS—THEORY—PARTIES—PLEADING.

Defendant executed a bond and mortgage to secure payment of the sum of $20,000, with interest, to plaintiff's assignor, who thereafter, at defendant's request, and on his express promise to pay the sum agreed on, executed a satisfaction of the mortgage. Defendant, in pursuance of his promise, paid at different times sums aggregating $9,000, after which the obligee in the bond assigned his claim to plaintiff, without, however, assigning the bond, and plaintiff brought suit to recover the balance due. *Held*, that a complaint alleging such facts should be regarded as stating a cause of action on defendant's promise to pay, and not on the bond, and was therefore not objectionable for plaintiff's failure to join the obligee as a party defendant.

Appeal from Special Term, Westchester County.

Action by George S. Holmes against Arthur H. Ely. From an interlocutory judgment overruling defendant's demurrer to the complaint, he appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Justus A. B. Cowles (Charles P. Cowles, on the brief), for appellant. Frederick Hulse, for respondent.

WOODWARD, J. The plaintiff brings this action as the assignee of a claim owned and held by the firm of Samuel I. Acken & Sons against the defendant, and the latter demurs to the complaint upon the grounds (1) "that it appears upon the face of the plaintiff's complaint herein that there is a defect of parties defendant, in that Samuel I. Acken is not made a party defendant herein"; and (2) "that it appears upon the face of the plaintiff's complaint herein that the complaint does not state facts sufficient to constitute a cause of action." This demurrer has been overruled at the Special Term, and the defendant appeals from the interlocutory judgment entered.

We are convinced, from an examination of the complaint, that it is not open to the objections urged, and that it does state facts sufficient to constitute a cause of action. The theory of the demurring defendant is that the action was brought upon a certain bond, mention of which is made in the first paragraph of the complaint, and that the person to whom this bond was made and delivered—it not having been assigned—should have been made a party defendant. We think this theory is not justified by the facts set forth in the complaint. The complaint alleges, on information and belief, that the defendant, for the purpose of securing the payment to one Samuel I. Acken of the sum of $20,000, with interest thereon, on or about the 23d day of December, 1898, executed and delivered to the said Acken a bond bearing date on that day, sealed with his seal, whereby he bound himself, his heirs, executors, and administrators, in the penalty of $40,000, and upon the condition that the same should be void if the said defendant should pay to the said Samuel I. Acken, his executors, administrators, or assigns, the sum of money first above mentioned; that the defendant, on the same day, and as collateral security, duly executed, acknowledged, and

delivered a mortgage upon certain premises; that thereafter the defendant requested the said Samuel I. Acken to cancel the lien of said mortgage and satisfy the same, and that the said Samuel I. Acken, upon the request of the defendant, and upon the defendant's express promise to pay the said sum of $20,000, agreed to cancel the said mortgage, and that he did execute and deliver a satisfaction piece to the said defendant; that subsequently, and about the month of May, 1900, the defendant, in pursuance of his promise to pay the $20,000 above mentioned, did pay to the said Samuel I. Acken the sum of $7,000; and that subsequently the defendant paid various sums, aggregating $2,000, leaving a balance still due and owing to the said Samuel I. Acken of $11,000, with interest from the 1st day of March, 1901, no part of which has been paid, though frequently demanded. The complaint then sets forth an assignment of all the right, title, and interest of the said Samuel I. Acken in and to the said sum of $11,000, with interest, as aforesaid, to Samuel I. Acken, Joseph Acken, and Samuel I. Acken, Jr., composing the firm of Samuel I. Acken & Sons, and a subsequent transfer of the said claim by the above firm to the plaintiff.

If the plaintiff had alleged that on a given day the defendant owed Samuel I. Acken the sum of $20,000, and that the defendant had promised to pay the same; that he had paid from time to time sums aggregating $9,000, and that there was still due and unpaid $11,000, though often demanded; and that this claim had been duly assigned to the plaintiff—there would be no doubt that a good cause of action was stated, and we fail to discover any fatal defect in the complaint because the pleader has set forth the facts out of which this claim arose. The action is not upon the original bond, but upon the express promise of the defendant to pay the amount, in consideration of the discharge of the mortgage which was given as collateral to such bond; and the complaint will be deemed to be sufficient whenever the requisite allegations can be fairly gathered from all the averments, though the statement of them may be argumentative, and the pleading deficient in logical order and in technical language. The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated. Sage v. Culver, 147 N. Y. 241, 245, 41 N. E. 513, and authorities there cited. We think the allegations of this complaint impliedly aver that Samuel I. Acken, upon the express promise of the defendant to pay this indebtedness, relinquished his mortgage security, and relied upon the new promise in place of the bond which had been given, and that both parties treated the matter in this light; the defendant paying from time to time upon this new promise until he had discharged $9,000 of the indebtedness. Mr. Acken could have sued upon this promise, independent of the bond; and the plaintiff, having title through Mr. Acken to the claim asserted in this action, has a right to recover the amount due, and there is no reason to anticipate that any one else will be able to recover upon the bond.

The interlocutory judgment should be affirmed, with costs, and the defendant should be permitted to answer upon the payment of costs. All concur.