(64 Misc. Rep. 343.)

## ROTH v. ROBERTSON et al.

(Supreme Court, Equity Term, Erie County. July, 1909.)

1. CORPORATIONS (§ 312\*)—ILLEGAL EXPENDITURE OF MONEY—LIABILITY OF OFFICERS.

Payment by the manager of an amusement corporation of money to silence complaint as to its conducting business on Sundays was ultra vires and bad in morals, so that he will be required to refund the amount, irrespective of who assented to the payment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1376–1383; Dec. Dig. § 312.\*]

2. CORPORATIONS (§ 320\*)—ACTION BY STOCKHOLDER.

An action for a corporation to recover money illegally expended by its manager may be prosecuted by a stockholder, without a demand that the corporation prosecute it; defendant having control of a majority of the stock, the directors, of whom he is one, having been elected by his votes, one of them being his brother, and the third his uncle, and the payment having been acquiesced in and being justified by them, so that a demand would be idle.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1429–1430; Dec. Dig. § 320.\*]

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. COSTS (§ 32*)—RIGHT TO COSTS.
    Plaintiff, though recovering on a certain item, will not be allowed costs; defendant having prevailed as to the major portion of the claims asserted against him.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 112, 113; Dec. Dig. § 32.*]

Action by John E. Roth, for himself and all other stockholders, against Samuel Robertson and another. Judgment for plaintiff.

Wallace Thayer, for plaintiff.

Eugene Cary, for defendant Robertson.

WHEELER, J. This action is brought by the plaintiff, in his own behalf and of other stockholders of the S. L. Robertson Amusement Company, to compel the defendant Samuel L. Robertson to account to the plaintiff and the amusement company for certain moneys alleged to have been received by him as manager of the company, and unaccounted for, or improperly or illegally expended by him.

The plaintiff's evidence upon the trial was directed to some six different items aggregating some $2,159.50, for which it is claimed the defendant should account. I am of the opinion that the evidence touching all of these items except one for $800, has been sufficiently met by the defense, and there was nothing established by the plaintiff on the trial to justify a judgment requiring the defendant Robertson to account for them.

As to the item of $800 the facts are substantially these: The amusement company had been operating a patent coaster known as "The Figure 8" at Niagara Falls, and had rented booths to outsiders for the sale of ice cream, refreshments, and other things; that a large part of the patronage was obtained on Sundays, when excursionists visited the place. Threats appear to have been made by some persons that, unless money was paid, steps would be taken to prevent the amusement company from conducting its business on the Sabbath. Fearing that some such action might be taken, to the financial detriment of the amusement company, the defendant Robertson testifies he paid certain parties $800 to buy their silence, and that he did this believing it to be for the best interests of the corporation; that before making the payment he consulted with Mr. Hofheins, who was the treasurer of the company and one of his associate directors.

We shall assume that the payment was made under the circumstances stated by the defendant. We are, however, unable to justify any such payment, or to see how the court can sustain it. It was, in short, paid as "hush money," and the defendant corporation was blackmailed in just that amount. It cannot for a moment be contended that the money was expended for any legitimate purpose of the corporation. We think to operate, on the Sabbath, a place of amusement like that of which the defendant Robertson was manager, was in violation of the Sunday laws of the state. See sections 259, 263, and 265 of the Penal Code. United Vaudeville Co. v. Zeller, 58 Misc. Rep. 17, 108 N. Y. Supp. 789; People v. Poole, 44 Misc. Rep. 118, 89 N. Y. Supp. 773.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

If it was against the law to keep open on the Sabbath, it was an illegal expenditure to pay money to silence opposition to the violation of the law.   If it was not against the law to keep open Sundays, there was no necessity of purchasing immunity from complaint for a violation in that respect.   In whatever view we look at it, the payment was not only foreign to the objects of the corporation, but made for a purpose which the courts, must condemn.   It was, and must be treated as, an illegal payment.   It was something more than an ultra vires transaction, but one bad in morals, and so evidently so that the plea that the payment was made for the supposed interest of the corporation cannot be deemed any excuse in law.   Where the directors and officers of a corporation engage in ultra vires transactions, and they cause loss to the corporation, they must be held jointly and severally liable for such damages.   Holmes v. Willard, 125 N. Y. 79, 25 N. E. 1083, 11 L. R. A. 170; Austin v. Daniels, 4 Denio, 299; Hun v. Cary, 82 N. Y. 65, 37 Am. Rep. 546; Wormser v. Met. St. Ry. Co., 184 N. Y. 83, 76 N. E. 1036, 112 Am. St. Rep. 596.

The Court of Appeals, however, in the case of Wormser v. Met. St. Ry. Co., 184 N. Y. 83, 76 N. E. 1036, 112 Am. St. Rep. 596, held that where the acts objected to are simply ultra vires, without being either mala prohibita or mala in se, a stockholder who has acquiesced and accepted pecuniary benefits thereunder cannot maintain an action for himself to set aside the transaction, or to compel a restitution to the corporation.   It is claimed in this action that Roth, the plaintiff, not only had knowledge of the payment of the $800 in question, but acquiesced in it.   Roth himself admits that he was told of the payment after it was made, and apparently made no objections to it at the time, although he denies that he was consulted prior to the payment of the money.   It does not appear, however, that the plaintiff ever received or accepted any direct pecuniary benefit from such payment, and at most all that can be claimed is that he acquiesced in and assented to the payment.

As we understand the facts and the law, the payment was not simply a transaction ultra vires in nature, but rather a transaction mala prohibita or mala in se; and where it partakes of such a nature, the law seems to make an exception in favor of the right to sustain an action to compel a refunding of the money of the corporation misapplied, although the party bringing the action to compel restitution may have acquiesced in the payment.   For reasons of public policy, we are clearly of the opinion that payments of corporate funds for such purposes as those disclosed in this case must be condemned, and officers of a corporation making them held to a strict accountability, and be compelled to refund the amounts so wasted for the benefit of stockholders, irrespective of the question as to who assented to or counseled their payment.   To hold any other rule would be establishing a dangerous precedent, and tacitly countenancing the wasting of corporate funds for purposes of corrupting public morals.   The questions here involved are too broad and far-reaching to permit an appeal to the doctrine of estoppel to defeat a salutary enforcement of official responsibility.

It is contended by the defendant Robertson that the plaintiff cannot maintain this action, because there has been no sufficient demand on the corporation and refusal by it to bring this action. The plaintiff contends that a demand was made, not only on the defendant Robertson, but upon Mr. Byers, one of his associate directors, two of the three members of the board of directors. Mr. Byers denies any such demand on him. This action is prosecuted for the corporation, and can only be brought by a stockholder when the corporation itself has declined to act, or the circumstances are such that a demand on the corporation to act would be useless. Where a corporation is exclusively under the control of trustees and officers whose acts and management are questioned, and a demand that the corporation bring an action would be idle and fruitless, in such cases equity permits the stockholder to bring the action in his own name for the benefit of the corporation. Sage v. Culver, 147 N. Y. 246, 41 N. E. 513; Brinckerhoff v. Bostwick, 88 N. Y. 52; Leslie v. Lorillard, 110 N. Y. 519, 18 N. E. 363, 1 L. R. A. 456.

I think the evidence discloses sufficient to sustain the plaintiff's right to maintain this action. The defendant controls a majority of the stock of the corporation. The directors were elected by his votes. He is one of the board. One of the other members of the board is his brother, and the third his uncle. The payment of the $800 in question was reported to a meeting of stockholders, where these directors were present and participated, and seems to have been acquiesced in by the directors, and even now justified by them under the circumstances of the case. We are of the opinion the evidence presents a situation where the right of the plaintiff to maintain this action should be sustained.

For these reasons, we find the plaintiff entitled to a judgment directing the defendant Robertson to pay into the treasury of the defendant corporation the sum of $800. This relief is granted, without costs to the plaintiff, however, because in our opinion the defendant has prevailed as to the major portion of the claims asserted against him. So ordered.