### PEOPLE v. HYMAN et al.

(Supreme Court, Special Term, Erie County. March, 1912.)

1. STATES (§ 202*) — TRESPASS ON STATE LANDS — POWER TO SUE — STATE AGENTS—STATUTES.

Public Lands Law (Consol. Laws 1909, c. 46) § 17, provides that the commissioners of the land office may appoint agents to prosecute trespassers on state lands other than the forest preserve, who, on giving reasonable security, may maintain actions and proceedings in the name of the people against the trespassers on such lands. *Held*, that such provision constituted an exception to Executive Law (Consol. Laws 1909, c. 18) § 62, subd. 1, providing that the Attorney General shall prosecute and defend all actions in which the state is interested, and shall have charge and control of all legal business of the departments and bureaus of the state, so that an agent duly appointed by the land office had authority to sue on behalf of the state to restrain the taking of sand and gravel from the bed of the Niagara river.

[Ed. Note.—For other cases, see States, Cent. Dig. § 194; Dec. Dig. § 202.*]

2. ACTION (§ 50*)—CAUSES OF ACTION—JOINDER—JOINT TORT.

A complaint against two defendants for trespass alleged "that the defendants" at various times since January 1, 1906, entered on lands de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

scribed belonging to the people of the state, and by means of vessels, tugs, barges, dredges, and sand suckers, owned and operated by defendants, their agents, etc., dredged, dug, sucked up, and removed from such premises sand, gravel, and grit, constituting a part of the bed of the Niagara river, and of the shore thereof, of the value of a large sum, whereby the people of the state suffered great damage, etc. *Held* that, under the rule that pleadings shall be liberally construed in favor of the pleader, the complaint alleged a joint tort, and was not demurrable as improperly uniting causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

3. NAVIGABLE WATERS (§ 36*)—STATE LANDS—COMPLAINT.
Such complaint stated a cause of action, and was not demurrable for want of facts.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 180–200; Dec. Dig. § 36.*]

4. PLEADING (§ 350*) — COMPLAINT — DEMURRER — MOTION FOR JUDGMENT — LEAVE TO ANSWER.
Where defendants demurred to the complaint, whereupon plaintiff moved for judgment on the ground that the demurrer was frivolous, the court, on holding the complaint sufficient, had the same power to permit defendants to answer as though the case were brought on for hearing on demurrer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. § 350.*]

Action by the People against David Hyman and the Empire Limestone Company. On plaintiff's motion for judgment on the ground that the demurrer interposed by defendant Limestone Company was frivolous. Granted on condition.

George C. Riley, for the motion.
Carlos C. Alden, opposed.

WHEELER, J. This motion is made for judgment under section 547 of the Code of Civil Procedure.

The action is brought to restrain the defendant from removing sand and gravel from the bed of the Niagara river by the use of vessels, tugs, barges, dredges, and sand suckers operated by the defendants, and to recover damages for such material charged to have been previously taken by the defendants, claimed to be the property of the state of New York.

The Limestone Company demurs to the complaint on the grounds: (1) That the court has not jurisdiction of the subject of the action. (2) That it appears upon the face of the complaint that the plaintiff has not legal capacity to sue, and that this action is not prosecuted for and on behalf of the people of the state of New York by the public officer solely authorized by law to prosecute causes of action for and on behalf of the people of the state of New York. (3) That it appears on the face of the complaint that causes of action have been improperly united, viz., a cause of action against the defendant Empire Limestone Company for the purpose of procuring a judgment permanently enjoining it from committing trespass upon the lands and premises of the plaintiff therein described, and for damages on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

account of past trespasses alleged to have been committed by the defendant Empire Limestone Company on said lands, which said cause of action does not affect all of the parties to the action, viz., the defendant David Hyman, a cause of action against the defendant David Hyman for the purpose of procuring a judgment permanently enjoining him from committing trespasses upon lands and premises of the plaintiff therein mentioned, and for damages on account of past trespasses alleged to have been committed by him on said lands, which said cause of action does not affect all of the parties to the action, viz., the defendant Empire Limestone Company. (4) That the complaint does not state facts sufficient to constitute a cause of action against the defendant Empire Limestone Company.

[1] The defendant contends that by the provisions of section 62, subd. 1, of the Executive Law, the Attorney General of the state shall "prosecute and defend all actions in which the state is interested, and have charge and control of all the legal business of the departments and bureaus of the state," etc.; and that, therefore, this action was improperly instituted, in that it is prosecuted by Mr. Riley as attorney for the people.

The complaint alleges the appointment of George C. Riley by the commissioners of the land office pursuant to the power and authority of section 17 of the Public Lands Law, which reads as follows:

"Sec. 17. Trespasses upon Lands Other than Forest Preserve.—The commissioners of the land office may, from time to time, appoint discreet agents to prosecute all trespasses upon lands belonging to the state, other than the forest preserve. Each agent shall give such reasonable security, from time to time, to the people of the state for the faithful execution of his trust, as the commissioners require and approve. *He may maintain actions and proceedings in the name of the people of the state against all trespassers upon such land.* The costs and expenses incurred by him in any such action or proceeding, together with such compensation for services as the commissioners deem just, shall be paid to him out of the treasury; but *no allowance shall be made to him for any action or proceeding, in which the defendant succeeds, unless the commissioners are satisfied that there was reasonable cause for bringing the same."

The two sections quoted apparently conflict, but must be read together, and when so read, we think there can be no reason to doubt that it was the intention of the Legislature to make an exception in cases like this one set forth in the complaint to the general provision of the statute set forth in the Executive Law, and that the attorney who appears as attorney of record for the people in the action had authority to institute it. The court has jurisdiction to entertain the suit.

[2] The defendant further contends that separate causes of action have been improperly united, in that the trespass alleged and set forth in the complaint for which damages are claimed does not affect all of the parties to the action. In other words, the defendant contends that the complaint does not disclose that the acts complained of were the joint acts of the two defendants. The complaint alleges "that the defendants * * * at various times since the 1st day of January, 1906, entered upon the above-described lands and premises of the people of the state of New York, and by means of

vessels, tugs, barges, dredges, and sand suckers owned and operated by said defendants, their agents, * * * dredged, dug, sucked up, and removed from said lands and premises above described, sand, gravel, and grit, constituting a part of the bed of said Niagara river and of the shore and beach thereof," of the value of a large sum, whereby the people of the state suffered great damage, etc. We are of the opinion the allegations of the complaint must be construed as alleging the joint acts of the parties defendant, rather than separate and independent acts of trespass. The rule is that pleadings are to be liberally construed in favor of the pleader, and every reasonable and fair inference to be drawn from the allegations is to be made in favor of the pleading. Tew v. Wolfsohn, 174 N. Y. 274, 66 N. E. 934; Sage v. Culver, 147 N. Y. 241, 41 N. E. 513, and cases cited. In the case of Tew v. Wolfsohn it was held that, where the complaint in an action against a husband and wife alleged that the defendants entered into a contract but refused to perform its conditions, the allegation amounted to an allegation that the defendants jointly undertook to do what is alleged therein.

[3] We think the complaint states facts sufficient to constitute a cause of action, and that the demurrer cannot be sustained in law, and the plaintiff's motion is timely.

[4] Nevertheless, this court has the same power to grant the defendant the right to plead over as though the case was brought before it on a regular argument of the demurrer. National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846, affirmed 203 N. Y. 555, 96 N. E. 1122.

The plaintiff's motion is therefore granted, with $10 costs of this motion, with leave to enter judgment against said defendant on the pleadings, unless said defendant shall, within 10 days after service of the order to be entered hereon, serve an answer to said complaint, which privilege is hereby granted.