# GUTTA-PERCHA & RUBBER MANUFACTURING COMPANY *v.* AJAX MANUFACTURING COMPANY.

TRADEMARKS; OPPOSITION; SIMILARITY OF MARKS; GOODS OF THE SAME DESCRIPTIVE PROPERTIES.

1. In construing a notice of opposition to the registration of a trademark, it will be given the meaning most favorable to its author, if it is susceptible of more than one meaning. (Following *Kaiserbrauerei Beck & Co.* v. *S. Liebmann's Sons Brewing Co.* 43 App. D. C. 268.)

2. Automobile and bicycle tires are mechanical rubber goods of the same descriptive qualities as rubber hose and belting; and registration of a trademark consisting of a Maltese cross applied to the former should be denied on the opposition of the owner of the same mark as applied to hose and belting.

3. Registration of trademarks which are identical with a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties, should be denied. (Following *Anglo-American Incandescent Light Co.* v. *General Electric Co.* 43 App. D. C. 385; and citing *Walter Baker & Co.* v. *Harrison,* 32 App. D. C. 272; *Phœnix Paint & Varnish Co.* v. *John T. Lewis & Bros. Co.* 32 App. D. C. 285.)

4. The first appropriator of a mark has not only the right to the use of the mark on goods which he deals in, but also on goods which he may afterwards produce or handle if they have the same essential qualities as those upon which he has been using the mark. (Following *Simplex Electric Heating Co.* v. *Gold Car Heating & Lighting Co.* 43 App. D. C. 28.)

No. 1182.    Patent Appeals.    Submitted November 14, 1918.    Decided December 2, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents dismissing an opposition to the registration of a trademark.                                             *Reversed.*

The COURT in the opinion stated the facts as follows:

The appellee, Ajax Manufacturing Company, Incorporated, sought the registration of the conventional figure of a Maltese cross as a trademark upon bicycle and automobile tires composed of rubber and fabric, claiming that it had been using the same as a trademark on those goods since September, 1916. Appellant, the Gutta-Percha & Rubber Manufacturing Company, filed a notice of opposition wherein it alleged, *inter alia,* that from sometime prior to 1870 it had been using the same mark on its merchandise, consisting of mechanical rubber goods, among which were hose and belting, and annexed to the notice a photograph of a publication containing a representation of an automobile tire bearing the figure of a Maltese cross, which, appellant alleged, was its trademark; and that the public had come to know and recognize mechanical rubber goods having that mark as the product and output of the appellant. It stated its belief that by reason of the facts just set forth it would be damaged if the appellee was permitted to register a like mark. Appellant further asserted that in the Patent Office automobile and bicycle tires were placed in the same class as belting and hose.

A motion to dismiss was filed by the appellee, the grounds of which were (1) that the notice failed to state that appellant had ever applied the trademark in issue to goods of the same class or descriptive properties as automobile and bicycle tires of rubber and fabric; and (2) failed to allege that there had. been any confusion or that there was any likelihood of any confusion in the commercial exploitation of the goods of the appellant and the appellee. The Examiner of Interferences overruled the motion, and the appellee having failed to answer within the time limited by his order, sustained the opposition and denied registration to the appellee. On appeal the exam-

iner's decision was reversed and the opposition dismissed by an Assistant Commissioner.

*Mr. Hans V. Briesen* for the appellant.

*Mr. E. Clarkson Seward* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The notice is not a model of clear and definite pleading. None the less we think it must be sustained as sufficient. It is the rule that, in construing a notice of this character, we must give to it the meaning most favorable to its author, if it is susceptible of more than one. *Kaiserbrauerei Beck & Co.* v. *S. Liebmann's Sons Brewing Co.* 43 App. D. C. 268. [See also *Sage* v. *Culver,* 147 N. Y. 245, 41 N. E. 513.] The notice, as we have seen, charges that the Patent Office places automobile and bicycle tires of rubber and fabric in the same class as belting and hose; that the appellant is engaged in producing mechanical rubber goods, which include hose and belting; and that it has been, and is, using the mark in question on those goods.

Automobile and bicycle tires are mechanical rubber goods of the same descriptive qualities as hose and belting. This finds much support in the fact that the Patent Office places them all in the same category. The general and essential characteristics of the goods are alike. No analysis is necessary to disclose this. Furthermore, since automobile and bicycle tires are mechanical rubber goods, appellant's allegation that it uses its mark on those goods is equivalent to saying that it uses it on such tires. The law denies "registration to trademarks which are identical with a registered or known trademark owned and in use by another, and appropriated to merchandise of the same descriptive properties." *Anglo-American Incandescent Light Co.* v. *General Electric Co.* 43 App. D. C. 385, 386. [See also *Walter Baker & Co.* v. *Harrison,* 32 App.

D. C. 272; *Phœnix Paint & Varnish Co.* v. *John T. Lewis & Bros. Co.* 33 App. D. C. 285.]

Even if we construe the notice narrowly, which we may not do, and say that it does not sufficiently allege the use of the mark by the appellant on automobile and bicycle tires, still the appellant would have a right to oppose the appellee's use of it on those tires. The first appropriator has not only the right to the use of the mark on goods which he deals in (*Menendez* v. *Holt,* 128 U. S. 514, 32 L. ed. 526, 9 Sup. Ct. Rep. 143), but also on goods which he may afterwards produce or handle if they have the same essential qualities as those upon which he has been using the mark. Appellee has no right to impede the appellant in the use of the mark in the natural expansion of its business. *Simplex Electric Heating Co.* v. *Gold Car Heating & Lighting Co.* 43 App. D. C. 28.

Coming to the second ground of the motion, it must also be rejected. An intending purchaser favorably impressed by the goods of the appellant and familiar with its trademark, seeing a similar mark on a tire put out by the appellee, would naturally conclude that the tire was a product of the appellant. Thus he would be led to confuse the goods of the appellant with those of the appellee, from which undoubtedly injury would result to the former.

By failing to file an answer, appellee admitted the allegations of the notice. The decision of the Assistant Commissioner is therefore reversed and the opposition sustained.

*Reversed.*