ABRAHAM SOLOWAY, on Behalf of Himself and All Other Stockholders of JUNIUS COAL AND WOOD COMPANY, INC., Similarly Situated, Who May Join with Plaintiff and Contribute to the Expense of This Action, Respondent, *v.* JUNIUS COAL AND WOOD COMPANY, INC., and ABRAHAM ROSENTHAL, Appellants.

Second Department, March 21, 1919.

Corporations — pleading — complaint — suit by stockholder for injunction and appointment of receiver — right of action to recover books and papers or to oust officer who refuses to perform his duties.

A complaint in an action by a stockholder against a corporation asking for an injunction and the appointment of a receiver but not for dissolution, which does not allege who the directors are, or that demand has been made that the corporation bring an action against the president who it is charged has appropriated its books and papers and refuses to perform his duties, or that such demand would be fruitless, fails to state a cause of action, and the court is without power to appoint a receiver *pendente lite* or by final judgment.

While a corporation may in a proper case maintain an action to recover its books and papers or to oust an official who refuses to do his duty, no such cause of action is vested in a stockholder in the absence of an allegation of refusal by the directors to sue.

APPEAL by the defendants, Junius Coal and Wood Company, Inc., and another, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 1st day of February, 1919, appointing a receiver of the defendant corporation.

*Joseph Gans* and *C. Arthur Jensen,* for the appellants.

*Samuel I. Hartman,* for the respondent.

PER CURIAM:

The complaint fails to state a cause of action    The relief demanded is an injunction and the appointment of a receiver of the corporation.  This is the only relief demanded.  The

action is not for the dissolution of the defendant corporation; it is alleged in the complaint and admitted that it is a solvent, going concern. The plaintiff alleges that he owns one-quarter of the capital stock. This is not one of the cases mentioned in section 306 of the General Corporation Law (Consol. Laws, chap. 23; Laws of 1909, chap. 28), nor does the plaintiff allege who the directors of the corporation are, or that demand has been made that the corporation bring an action against the president who, it is charged, has appropriated its books and papers and refuses to perform his duties. There are no facts alleged warranting the inference that such demand would be fruitless. (*Sage* v. *Culver*, 147 N. Y. 241.) The effect of the order appealed from is to take the control of the corporation from the board of directors and to vest it in a receiver, and that is the relief demanded in the complaint. While the corporation might in a proper case maintain an action to recover its books and papers or to oust an official who refuses to do his duty, no such cause of action is vested in a stockholder in the absence of allegation of refusal by the directors to sue. The management of the corporation is in the board of directors and there is no allegation that they are derelict or have refused to do their duty. (*Fallon* v. *United States Directory Co.*, 86 App. Div. 29.)

While the affidavits used on the motion indicate that there is a deadlock in the affairs of the corporation which might warrant an action for dissolution, this is not such an action and the court is without power to appoint a receiver *pendente lite*, or by final judgment upon the facts as here alleged.

The order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.