LEWISOHN BROTHERS, Suing on its own Behalf and for all Other Stockholders Similarly Situated, Appellant, *v.* ANACONDA COPPER MINING COMPANY and Others, Defendants.

THE MONTANA ORE PURCHASING COMPANY, Intervenor, Respondent.

*Action by a stockholder of a mining corporation to restrain the sale of its property — right of the would-be purchaser to intervene as a party thereto — sections 452 and 447, Code of Civil Procedure, distinguished as to their effect.*

The fact that a corporation has offered to purchase certain territory belonging to a mining company, which, under the requirements of the statute, has called a meeting of the stockholders for the purpose of obtaining their approval of the sale, does not entitle it, under section 452 of the Code of Civil Procedure, to intervene as a party in an action brought by a stockholder of the mining company, who has made an offer of a larger sum for the same property, which has not been accepted, to restrain its directors from acting under any authority to be received at the stockholders' meeting, and from selling the mining territory without putting the same up at auction to be sold to the highest bidder.

*Semble,* that the distinction between the effect of section 452 and of section 447 of the Code of Civil Procedure is that the former relates to necessary, and the latter to proper, parties.

APPEAL by the plaintiff, Lewisohn Brothers, suing on its own behalf and for all other stockholders similarly situated, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of April, 1898, permitting The Montana Ore Purchasing Company to intervene in and defend the action and be made a party defendant thereto.

*Samuel Untermyer*, for the appellant.

*Esek Cowen*, for the respondent.

O'BRIEN, J.:

Prior to the commencement of the action, F. Augustus Heinze, president of the Montana Ore Purchasing Company, and acting on its behalf, offered the directors of the Anaconda Mining Company the sum of $100,000 for certain territory belonging to that company known as the Sullivan lot and the Snowbird claim. The officers replied that, so far as they could do so, they would accept the offer, and that upon deposit of the sum of $100,000 they would call a meeting of the stockholders and obtain the proper authority to make the sale. The statute of Montana provides that the directors of a mining corporation cannot sell its real estate without the approval of two-thirds of the stockholders at a meeting called for that purpose, at which three-fourths of the stock shall be present. The money was furnished by the Montana Ore Purchasing Company and paid by Heinze to the officers of the Anaconda Company, and a meeting of the stockholders was called to authorize the sale. In the meantime, the plaintiff, a New York corporation and stockholder in the Anaconda Company, made an offer to the latter company to pay $150,000 for the same property, which offer was not accepted; and with a view to carrying out the sale to the Montana Company, the Anaconda Company proposes to hold the meeting of stockholders as agreed. This action was brought to restrain the directors of the Anaconda Company from acting under the authority to be received at the stockholders' meeting, and from selling the land and territory without putting the same up at auction to be sold to the highest bidder.

The complaint asserts that the Montana Company is and has been a pirate in the Montana copper mining region, conducting a guerilla warfare and extensive blackmailing operations against all the mining industries surrounding its property; and that the purpose for which the property is sought is to continue litigations, and not with a view to mining the property, which, it is claimed, is of slight value as such. Without denying these charges, but for the purpose, as claimed, of answering them and to protect its interests, the Montana Company, on the eve of trial, made the motion to be allowed to intervene, which motion was granted.

Section 452 of the Code of Civil Procedure provides: "And where a person not a party to the action has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment." It is not claimed that the intervenor is a necessary party, but it is insisted that as the Anaconda Company has no interest in defeating the plaintiff in this action, the intervenor should be permitted to defend. We do not think that the Montana Company is so directly interested in the subject of the action as to come within the express provisions of section 452, which has been usually confined to parties whom it is necessary to bring in and who are interested in the subject of the action. It is claimed, however, that the right to admit new parties does not depend entirely upon this section, but that by section 447 any person may be made a party defendant who has or claims an interest in the controversy adverse to the plaintiff. We think that the distinction to be made between the two sections is that the former relates to necessary and the latter to proper parties.

The test as to who is a necessary party has often been applied by determining whether, if made a party, he could demur successfully on the ground of no cause of action; because if he could, it would be seldom, if ever, proper to compel the plaintiff to add such a person as a party defendant. Apart from section 452, and regarding the intervenor's rights as controlled by section 447, we think that the motion should not have been granted, because, upon the admitted facts, the Montana Company is not a proper party and has no legal enforcible interest in the action. It is not brought to enjoin the

defendants from performing a contract entered into with the intervenor, but it is based upon the theory that the intervenor has no contract interest, and its purpose is to prevent it from acquiring such.

It is not disputed that, even if the Anaconda Company succeeded in the action, it would be under no obligation to sell the property to the intervenor, the directors having an unquestioned right to withdraw the call for the stockholders' meeting.

Bearing in mind, therefore, that this is an action brought by a stockholder against the officers and directors of his own company to prevent them from performing what is alleged to be an unlawful act, it cannot be concluded that the Montana Company has any possible interest in such a controversy. If the defendants put in no defense, the Montana Company would have no right or standing to insist that the plaintiff should not have judgment. Apart from this consideration, however, the remote and indirect interest which the intervenor might possibly have is sufficiently protected by the defendants already in the action, because it is made clearly to appear that without their active co-operation and assent, the Montana company can never procure a contract for the property. If the defendants change their minds about accepting the offer of the Montana Company, there is nothing to prevent their doing so and withdrawing the call for the stockholders' meeting. The only possible way, therefore, in which the Montana Company can be aided is through the agency of the Anaconda Company in successfully defending the action, holding the meeting of the stockholders, and obtaining the necessary authority to sell the property to the Montana Company. As it has, therefore, no legal or enforcible interest to protect in the action, no good reason was presented for permitting it to intervene in a controversy to which it must be regarded as legally a stranger.

Apart, therefore, from the *laches* in moving just on the eve of trial, we think, upon the conceded facts, that the order was improper, and that it should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

PATTERSON, RUMSEY and INGRAHAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.