### MULHERAN v. GEBHARDT et al.

(Supreme Court, Appellate Division, Fourth Department. March 8, 1904.)

1. CORPORATIONS—DIRECTORS AND OFFICERS—MISCONDUCT—ACTION BY STOCK-HOLDER—PARTIES.

Where a suit was brought by a stockholder, on behalf of a corporation, against the corporation, its officers and directors, for an alleged fraudulent and illegal conversion of certain of its stock and money, to recover the same for the benefit of the corporation, but the complaint failed to allege that defendant G., who was a director at the time the suit was brought,

had any connection with such fraudulent conversion, etc., and he did not become a director until long after the conversion had been consummated, the complaint was demurrable as to him, since the mere fact that he was a director did not make him a necessary party to the action.

Appeal from Special Term.

Action by Bernard Mulheran against John Gebhardt and others. From an interlocutory judgment overruling a demurrer, defendant Gebhardt appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

White, Cheney & Shinaman, for appellant.
Hancock, Hogan & Devine, for respondent.

STOVER, J. The plaintiff alleges: That certain defendants other than Gebhardt entered into a combination of persons engaged in the ice business, that these defendants acted as promoters of the stock, that options for various ice plants were procured by the defendant Bartels, and that on December 1, 1898, an agreement between the defendants other than Gebhardt was consummated, and they became associated in the transaction. That all of the defendants continued to be associated together, except the defendant Sawmiller, a director of the company, who was succeeded in the office of director on or about March 12, 1900, by the defendant Gebhardt, and that prior to March 12, 1900, the defendant Gebhardt had no connection with the transaction or the defendants named therein. That during the month of December, 1898, and after the agreement was entered into, a further agreement was entered into between the plaintiff and the defendants, other than Gebhardt, to sell to Bartels certain real estate and personal property in Onondaga county. That, in pursuance of the agreement, the various people engaged in the ice business delivered options to Bartels on or about January 31, 1899. That, by virtue of said agreement, the defendants, other than the defendant Gebhardt, were to act as the promoters of said company, and in the interest of all persons delivering options to Bartels. That a corporation was then organized, and the property of the plaintiff and others obtained, plaintiff agreeing that he would not go into the ice business for a period of 10 years. That plaintiff was to receive $8,000 for his property, under the agreement. That plaintiff received one-third of the value of his property in cash, one-third in preferred stock of the company, and the remaining one-third in the common stock of the company, in accordance with the agreement. That the company was capitalized at $300,000, in 3,000 shares of $100 each. It was alleged: That after the incorporation of the company 1,700 shares of the capital stock of the company were delivered to plaintiff and other subscribers in payment of two-thirds of the purchase price of the property transferred to said Bartels, but that said Bartels retained and held for himself "and the other defendants hereinbefore named," being the defendants other than Gebhardt, 1,300 shares of the capital stock of said company, and that said stock is still retained and held by said persons. That Bartels thereafter received deeds of the vari-

ous properties, and that bonds were issued by the corporation. Plaintiff alleges: That he was ignorant of the fact that all of the capital stock of the company was to be issued to the defendant Bartels, and was also ignorant of the fact that 1,300 shares of the capital stock were to be retained by said Bartels, and was also ignorant of the fact that, instead of disposing of the said 1,300 shares of the capital stock of said company and using the proceeds thereof to pay the one-third purchase price of the various pieces of property, before mentioned as having been purchased by said company for one-third of the purchase price in cash, said company would issue its bonds therefor. That said Bartels and the other defendants had fraudulently concealed such knowledge from the plaintiff, with the intent to defraud the plaintiff, "and falsely and wrongfully, and with the intention to defraud and cheat plaintiff, obtained the issue of the whole of said 3,000 shares of stock to the said Bartels in pretended payment of said properties as aforesaid." That the said defendants Bartels, Listman, and Shinaman have obtained for themselves, and at the expense of the plaintiff and other original stockholders, and without consideration, the amount of 1,300 shares of stock, which stock, or the proceeds thereof, the said Bartels, Listman, and Shinaman, or their assigns, now retain and hold. That, by reason of the control of said 1,300 shares of stock, the said Listman, and other defendants named as directors and trustees of said People's Ice Company, are in position to control, and do control, a majority of the stock of the defendant company, and have controlled, and do now control, the election of trustees and directors and all other officers. That plaintiff had demanded of the officers and directors of said corporation that an action be brought by said company to recover the proceeds of said 1,300 shares of stock issued without consideration, and that it has been refused. Plaintiff alleges that the corporation refused to bring the action against the defendants for the conversion of the stock, and therefore the corporation is made a party.

It will be seen that the only allegation against the d-'endant Gebhardt is that on March 12, 1900, he succeeded Ignatius Sawmiller as a director of said company, the allegation further being, in paragraph 7 of the complaint, "and prior to the said March 12, 1900, the defendant John Gebhardt had no connection with said transaction or with the defendants above named therein, as plaintiff is informed and believes." There is no other allegation in the complaint in any way connecting Gebhardt with the transactions of the defendant. Summarized, the complaint sets forth a cause of action against certain persons who, by reason of false representation or illegal means of some kind, have obtained certificates of stock to the amount of $130,-000, which belonged to the corporation defendant. The plaintiff, being a stockholder, has made his demand upon the directors to commence the action, and upon their refusal brings the action, making the corporation a defendant. The action, therefore, is one to enforce a right of the corporation, and the recovery, if any, must inure to the benefit of the corporation. The wrong done is to the corporation, namely, that $130,000 of its stock, which should represent cash turned into its treasury, has been converted to the use of the individuals.

But no cause of action is stated against Gebhardt. The fact that he is a director does not make him a necessary party to the action, for a director, as such, is not a necessary party. The corporation itself is a party, and no recovery could be had against the defendant Gebhardt. The complaint alleges nothing that he has done or neglected to do which would incur any legal responsibility on his part. The demand for judgment is that 1,300 shares of 'stock and the $12,000 appropriated should be accounted for by the persons who obtained it, and paid into the corporation, to be distributed among the stockholders. So this action is not against the directors of the corporation to recover for a violation of their duties as directors, but an action to recover from certain persons who have converted the stock of the corporation, and of whom it is conceded Gebhardt is not one, and with whom he had no connection until long after the consummation of the alleged illegal scheme. So, without discussing the other questions upon the brief which concern the other defendants in the action, who, it is alleged, participated in the illegal scheme, no cause of action was alleged against the defendant Gebhardt. No recovery could be had as against him, under any view of the case, and his demurrer should have been sustained.

Judgment and order overruling demurrer reversed, and judgment sustaining the demurrer directed, with costs. All concur.