### McCREA v. McCLENAHAN et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

CORPORATIONS—STOCKHOLDERS—ACTION—SCOPE—PARTIES.

A stockholder in a corporation cannot maintain an action under Code Civ. Proc. § 447, providing that any person who has or claims an interest in the controversy adverse to plaintiff may be made a defendant against the president and the other stockholders, to compel the president to turn over to plaintiff and the other stockholders money alleged to have been wrongfully obtained by him from the corporation, or to recover an amount which it was alleged he had drawn from the corporation under an agreement to turn a part of it over to plaintiff; the stockholders' interest not being adverse to plaintiff.

O'Brien, P. J., and Clarke, J., dissenting.

Appeal from Special Term, New York County.

Action by William G. McCrea against James McClenahan, as executor of David Stevenson, deceased, and others. From an inter-

locutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed, and demurrer sustained, with leave to amend.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Gratz Nathan, for appellants.
B. F. Gerding, for respondent.

INGRAHAM, J. This action is brought by a stockholder of the David Stevenson Brewing Company to compel the defendant James McClenahan, the president of the said corporation, to account for his official misconduct as such president. The relief demanded is that McClenahan account for the moneys drawn from the treasury of the said company, and money or profits received by him from a certain other malting company mentioned, which said profits he be required to pay over to said brewing company, and that he be required to account for and pay over to the plaintiff and to the other stockholders of the said brewing company the amount of moneys drawn by him from its treasury during the first five years of its existence in excess of the amount agreed to be allowed him as salary, with interest thereon, or that he be required to repay the same to the treasury of said company; and that the said plaintiff and the stockholders of the company have such other and further judgment, order, or relief as shall be proper. McClenahan and Smith are made parties individually and as executors of the last will and testament of David Stevenson, deceased, and McClenahan, as executor of one Sewannee M. Stevenson, is also a party defendant. I can find no allegation in the complaint that Sewannee M. Stevenson, deceased, was ever in any way intersted in this company, or that his estate has now any interest in it, nor is it alleged that the estate of David Stevenson is a stockholder or any way interested in the corporation. It is alleged in the third paragraph of the complaint that one Floyd C. Clark, who is now deceased, was a stockholder of record, but whose stock had been transferred to the defendant David Stevenson. As the defendant David Stevenson did not demur, and as the demurring defendants are made parties as executors of David Stevenson, deceased, it may be assumed that it was the intention of the pleader to allege that the stock standing in the name of Clark had been transferred to David Stevenson, who has since deceased, and is now held by his executors, who are made parties defendant as stockholders. McClenahan, as executor of David Stevenson, deceased, and also as executor of Sewannee M. Stevenson, deceased, demurred to this complaint on the ground that no cause of action is stated as against the defendant as executor of these two estates. This demurrer was overruled, and the executor appeals. The plaintiff does not sue on behalf of himself and the other stockholders of this corporation, but instead of such an action—the usual action in which a stockholder seeks to enforce an obligation due to a corporation from its officers who have violated their trust—he alleges that he is a stockholder, and makes all of the other stockholders parties defendant. It seems to me clear that no cause of action is alleged against the stockholders of this corporation, who object to being brought into a litigation between the

corporation and its president without their consent. The plaintiff asks for no judgment against any of the stockholders except the president, who, it is alleged, has betrayed his trust. He is entitled to no judgment against any of these stockholders in the action, nor under any circumstances could there by any judgment dividing the property which belonged to the brewing company among its stockholders. It is not alleged that the company has dissolved, or that the stockholders are entitled to have the property of the corporation divided, and I supposed that nothing could be clearer than that no stockholder of a corporation could by any legal proceeding have the property of the corporation divided among the stockholders, except upon a dissolution of the corporation, or where the directors have declared a dividend payable to the stockholders.

Section 447 of the Code of Civil Procedure provides that:

"Any person may be made a defendant who has or claims an interest in the controversy, adverse to the plaintiff, or who is a necessary party defendant, for the complete determination or settlement of a question involved therein."

None of these defendants has any interest in this controversy adverse to the plaintiff. On the contrary, it is to the interest of the stockholders that the corporation should recover from its president any amount that he has unlawfully disposed of or appropriated. Nor is either of these stockholders necessary parties defendant for a complete determination or settlement of the question involved in the action. Whatever money is recovered in the action will be received by the corporation to be applied to its corporate use. Other stockholders are not in any sense necessary to a determination of a claim in favor of the corporation against its president, and it is such a claim that this action is brought to enforce.

Counsel for the plaintiff cites several cases in the Court of Appeals, none of which apply. Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555, 22 Am. St. Rep. 835, was an action for partition of real property, and the demurring defendants were made parties, as claiming some right, title, or interest in the said premises, the exact nature of which was unknown to the plaintiff, and which was a cloud upon the title to the real property sought to be partitioned. King v. Barnes, 109 N. Y. 267, 16 N. E. 332, was an action for an accounting by the defendant Barnes, and for the recovery by the plaintiff of a proportionate amount of stock in a corporation held by the defendant Barnes, and to which the plaintiffs were entitled. The corporation and directors of the company were made parties, and it was held that they were proper parties, in order that a determination and settlement of the question involved might be had, and that the plaintiff might receive the full benefit and enjoyment of the property which the final judgment might award them, free from any obstacle which such parties might interpose thereto. Landon v. Townshend, 112 N. Y. 94, 19 N. E. 424, 8 Am. St. Rep. 712, was an action relating to real property, and has no possible connection with the question here presented. Ettlinger v. P. R. & C. Co., 142 N. Y. 189, 36 N. E. 1055, 40 Am. St. Rep. 587, was an action to foreclose a mortgage. The form of an action of this character, brought by a stockholder to require defaulting directors or officers to

account to the corporation, is discussed in Sage v. Culver, 147 N. Y. 241, 41 N. E. 513, and the right of a stockholder to bring such an action, when the responsible officers of the corporation has been requested to bring such an action and refuses, or when those in control of the corporation are the ones who have been guilty of the wrong; but the cause of action is to enforce a claim of the corporation against the defaulting stockholders, and in such an action the real controversy is between the corporation and its defaulting officers. As was said in Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121, 73 N. E. 562:

"The loss of the corporate funds, resulting from the misconduct of the individual defendants, primarily gave a cause of action to the corporation, not to its stockholders, and no stockholder could maintain an action for the loss he had individually suffered in the depreciation of the value of the shares of stock held by him. * * * The action must be brought, not only on behalf of the plaintiff, but also on behalf of all the other stockholders of the company; and that is the form of the action before us. It is quite plain that the complaint in such an action should set forth but two things: First, the cause of action in favor of the corporation, which should be stated in exactly the same manner and with the same detail of facts as would be proper in case the corporation itself had brought the action; second, the facts which entitled the plaintiff to maintain the action in place of the corporation."

There is no suggestion in any reported case brought to our attention that a plaintiff bringing a cause of action as a stockholder of a corporation to enforce a right of action existing in favor of the corporation can join the other stockholders of the corporation as parties defendant when no relief is asked against them, and when in no aspect of the case can they be entitled to any relief or subject to any liability.

There is also an allegation in this complaint of some agreement by which the president of the corporation was to draw from the company $35,000 a year, retain $10,000 as for his salary, and divide the balance among the stockholders; that he did so for the years 1894 and 1895, but that for the years 1896, 1897, 1898, and 1899, while drawing some amount from the company, he paid no part of it to the stockholders; further alleging that the amount to which the plaintiff was entitled of that sum was $2,680. This might give to the plaintiff an individual cause of action against the defendant McClenahan individually, but it is entirely distinct from the causes of action in favor of the corporation that the plaintiff seeks to enforce—one being a suit by the plaintiff individually to enforce a promise made by McClenahan to him, and the other to enforce an obligation in favor of the company against McClenahan for improperly diverting the funds of the corporation—but the other stockholders of the corporation have no interest in the controversy between the plaintiff and McClenahan personally to recover the amount due from McClenahan under a contract which it is alleged was made with the plaintiff.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend within 20 days on payment of costs.

All concur, except O'BRIEN, P. J., and CLARKE, J., who dissent.

CLARKE, J. I dissent upon the ground that, while the complaint "is open to criticism as lacking in that clearness and fulness of state-

ment essential to good pleading, * * * the complaint will be deemed to be sufficient whenever the requisite allegations can be fairly gathered from all the averments, though the statement of them may be argumentative, and the pleading deficient in logical order and technical language." Sage v. Culver, 147 N. Y. 241, 41 N. E. 513. The action is against the president of a corporation to compel him to account for moneys of the corporation drawn by him without authority from the funds of the corporation, and retained and fraudulently converted to his own use, and for wrongful diversion and appropriation of the assets of the corporation to further the interests of a separate and distinct business, in which he is personally interested, and from which he has been and is deriving profits. The plaintiff is a stockholder. The corporation is made a party defendant. It is quite clear that the cause of action belongs to the corporation as such. Kavanaugh v. Com. Tr. Co., 181 N. Y. 121, 73 N. E. 562. The allegation of the complaint that the defendant McClenahan "has at all times had and now has the absolute control and management of the affairs of said company, and the possession of its property and assets, and has so managed same as though he were the sole and absolute owner thereof in his own right," together with other allegations thereof, furnish sufficient reason upon demurrer to show that it would be idle to request the corporation to sue, and gives the stockholder the right to sue on its behalf. "Where the corporation is exclusively under the control of the trustees and officers whose acts and management are questioned, a demand that the corporation bring the action would be idle and fruitless, and in such cases equity permits the stockholder to bring the action in his own name." Sage v. Culver, supra, and cases cited. The stockholder did not in form sue in his own name and for other stockholders who might choose to come in as plaintiffs. This course would have been proper. He made, however, all the stockholders defendants, though he asked no relief against any of them, with the exception of the president, McClenahan; and the final prayer of the complaint was:

"That said plaintiff and the stockholders of said company have such other or futher judgment, order, or relief as against the said James McClenahan as in the premises may be proper."

The complaint alleges:

"The defendants herein and the plaintiff are the only persons now having any interest as stockholders in said company."

It seems to me that this course was also proper. The cause of action belonged to the corporation. It would not sue. Every stockholder had the right to complain of the acts alleged, and to bring a similar action. The reason for joining them as parties plaintiff seems to warrant these being joined as parties defendant. It prevented a multiplicity of suits, and, all parties being before the court, a proper judgment could be reached. The action was therefore in fact on behalf of all the other stockholders. "Where a bill alleges maladministration on the part of the officer of a corporation, the complainant must either sue for the benefit of all having like interests as himself, so that they may come in and share in the conduct of the suit, or make them defendants."

20 Ency. Pl. & Pr. 771; Smith v. Rathbun, 66 Barb. 402; Davis v. Peabody, 170 Mass. 397, 49 N. E. 750.

The interlocutory judgment should be affirmed, with costs, with leave to the appellants to withdraw their demurrer and answer on payment thereof and within 20 days.

O'BRIEN, P. J., concurs.

INGRAHAM, J. The question in this case is the same as that presented in the case of William G. McCrea v. James McClenahan, as executor, etc. (decided herewith), 99 N. Y. Supp. 689, and for the reasons there stated the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend the complaint upon payment of costs in this court and in the court below.

McLAUGHLIN and HOUGHTON, JJ., concur.