William G. McCrea, Appellant, *v.* Thomas B. Robertson et al., Respondents, Impleaded with Others.

Parties — Stockholders' Action — When Joinder of Other Stockholders as Parties Defendant Improper. In an action brought by a stockholder of a corporation for an accounting as to its business and to compel its president to account for and pay over certain moneys alleged to have been wrongfully diverted by him from its treasury, the joinder of the remaining stockholders as parties defendant is erroneous where there is no allegation in the complaint that the defendant stockholders, either as a body or individually, participated in the alleged wrongdoings, nor anything showing that they claimed an interest in the controversy adverse to the plaintiff, or that they were necessary parties defendant for the complete determination or settlement of the questions involved in the action. The necessary defendants to such an action are the defaulting officials and the directors, or the trustees, who direct and are responsible for the corporation, and while it would have been proper for the plaintiff to bring such an action in his own name, and in behalf of the

other stockholders, in which case it would have been open to them to intervene, their compulsory joinder as parties defendant in this action is improper.

*McCrea* v. *Robertson*, 114 App. Div. 77, affirmed.

(Argued April 24, 1908; decided May 19, 1908.)

APPEAL from a judgment, entered September 4, 1906, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an interlocutory judgment of Special Term overruling a demurrer to the complaint and sustained such demurrer.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William G. McCrea*, appellant, in person.   Viewed only as a stockholders' bill, the demurring defendants are proper parties, and, therefore, the complaint states a cause of action as to them. (*Butts* v. *Wood*, 38 Barb. 181; 37 N. Y. 317; *Greaves* v. *Gouge*, 69 N. Y. 154; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52; 99 N. Y. 185; *Barr* v. *Railroad Co.*, 96 N. Y. 444; *Smith* v. *Rathbone*, 66 Barb. 402; *Prouty* v. *M. S. & N. I. R. R. Co.*, 1 Hun, 65; *Claflin* v. *Gordon*, 35 Hun, 54; *Kerr* v. *Blodgett*, 48 N. Y. 62.) The demurring defendants are also proper, if not necessary, parties, owing to their interest and participation in the fund withdrawn by the defendant McClenahan from the defendant David Stephenson Brewing Company, and for which an accounting is sought. (*Pritchard* v. *Palmer*, 88 Hun, 412; *Brady* v. *McCosker*, 1 N. Y. 214; *Huggins* v. *King*, 3 Barb. 619; *Hammond* v. *H. R. I. Co.*, 20 Barb. 378; *Hubbell* v. *Medbury*, 53 N. Y. 99.)

*George H. Taylor, Jr.*, for respondents.   Even conceding that this action was maintained against a delinquent officer or director of the company, there is no authority for maintaining such an action against a stockholder who is neither an officer nor director of the company. (*Mulhearn* v. *Gebhardt*, 93 App. Div. 98.)

Gray, J. Certain of the defendants in this action have demurred to the complaint upon the ground that, on the face thereof, it appears, as to each of them, that it does not state facts sufficient to constitute a cause of action. At Special Term, their demurrer was overruled; but, on appeal to the Appellate Division, that court reversed the order of the Special Term and sustained the demurrer. A final judgment has been entered dismissing the complaint as to the demurring defendants and the plaintiff has appealed to this court.

The complaint alleges that the plaintiff is a stockholder of the David Stevenson Brewing Company and that the defendants, other than the brewing company, are the " only persons now having any interest as stockholders." It alleges that the defendant McClanahan is, and has been, the president of the company and has had, and now has, the absolute control, management and possession of the properties and affairs of the company; managing the same " as though he were the sole and absolute owner thereof." The complaint sets forth that, in the year of the organization of the company, it was agreed by the stockholders, the directors of the company and the said McClanahan, that there should be drawn by McClanahan the sum of $35,000, $10,000 of which he was to retain for his salary as president and the sum of $25,000 was to be paid by him to the stockholders, in proportion to their holdings of stock; that, in that year and in the succeeding year, McClanahan complied with the agreement; but that, during each of the succeeding four years, he retained and fraudulently converted all of the $35,000 to his own use. The plaintiff alleges that he was entitled to $2,680 of the amount so converted; that he had but recently acquired knowledge of McClanahan's acts and that McClanahan had refused him an opportunity to inspect the books of the company, or any statement or information as to its condition. The complaint, further, sets forth the misappropriation of large sums of money by McClanahan and, particularly, the leasing by him to another company of a portion of the corporate property without the knowledge, or consent, of the board of directors and upon an agreement,

made between him and those in control of the lessee, by
which he, McClanahan, was to be paid one-half of the net
profits earned by the lessee company and in the event of a
sale of the property by the lessee, at any time, for a price
in excess of $200,000, one-half of the excess was to go to
McClanahan individually.   It is alleged, in connection with
that transaction, that McClanahan withdrew, and wrongfully
diverted, from the brewing company the sum of $30,000,
which he advanced to the lessee to fulfill an agreement on his
part in that respect.   The plaintiff demanded judgment for
an accounting as to the business of the brewing company
from the date of its incorporation; as to the amount of
moneys drawn by McClanahan from the corporation during
said period; as to the profits received by him from the lessee
in the transaction referred to and that he, McClanahan, be
required to pay over to the plaintiff and to the other stock-
holders the moneys drawn by him from the treasury during
the first five years of the company's existence, in excess of the
amount of his salary, or that he be required to pay the same
into the treasury of the company.   I have thus stated, in
substance, the matters in the complaint.

Passing over various criticisms, to which the complaint
would be open, it is apparent that the defendant McClanahan
is called upon to explain, and to account for, conduct on his
part, which, as alleged, exhibited him as having taken advan-
tage of his control of the corporation to misappropriate its
property and funds.   It will be observed that it is not shown
who the directors of the company were and there is no allega-
tion with respect to them, other than as mentioned.   The
plaintiff joins as defendants with the company and McClana-
han all those who were stockholders; but neither as to them
as a body, nor as to the demurring defendants, in particular,
is there any allegation of participation in the alleged wrong-
doings, or of any fact which would suggest the propriety of
their being brought in as defendants.   In the absence of any-
thing in the complaint, showing that the persons, who were
stockholders and who were brought into the action as defend-

ants, claimed an interest in the controversy adverse to the plaintiff, or were necessary parties defendant for the complete determination or settlement of the questions involved therein, it is difficult, if at all possible, to perceive any reason or justification for their joinder. No judgment is asked for against them and, certainly, no judgment that could be recovered in the action could distribute among the stockholders the moneys, which McClanahan might be obliged to account for and pay over. The cause of action belonged to the corporation; but the plaintiff's institution of the suit is justified in law by the alleged futility of a demand that the corporation sue. The effect of the plaintiff's recovering a judgment upon his demand would be to restore the moneys and property misappropriated by McClanahan to the possession of the corporation. (*Sage* v. *Culver*, 147 N. Y. 241; *Kavanaugh* v. *Commonwealth Trust Co.*, 181 ib. 121.) Except where it is sought by, or in behalf of, the creditors of the corporation to hold its stockholders to some liability imposed by law, that persons, who are stockholders, should be sued as defendants in a stockholder's action, merely, upon the allegation of their status as such, is an extraordinary proceeding. The plaintiff might have sued in behalf of the other stockholders; but he has not so alleged. I am not aware of any authority for the course taken and none is brought to our attention. The necessary defendants to an action, where, as here, the complainant charges misconduct and malversation of funds on the part of some one, or more, of the officers, or directors, of a corporation, are the defaulting officials and the directors, or the trustees, who direct, and are responsible for, the corporation. The case of *King* v. *Barnes*, (109 N. Y. 267), is, in no respect, in point, as sustaining the plaintiff's contention. That action was brought to procure the specific enforcement of an oral agreement between the plaintiffs and Barnes, relating to the purchase of certain lands and the organization of a corporation. Barnes was made the agent of the parties for the purpose, with authority to select the directors of the corporation. The plaintiffs, in bringing their

action for relief, joined with Barnes, as defendants, the direct-
ors and they were held to be proper parties defendant in the
action ; however incidental the relief sought against them and
however needless their appearance to defend. It is quite
manifest, where, as in such a case, it was important that the
plaintiffs should receive the full benefit of the property,
which the judgment might award them, that the joinder of
the directors of the corporation as defendants was justifiable.
The managing body of the corporation being bound by
the judgment, the question at issue concerning the cor-
porate property and affairs would be settled and the com-
plainants would be secure as to the fruits of their
proceeding. It would have been proper enough for the
plaintiff, suing in his own name and in behalf of the other
stockholders, to bring an action against McClanahan and to
join with him the directors, whose negligent administration
made McClanahan's alleged misconduct possible. In such a
case it would have been open to any, or all, of the other stock-
holders to intervene in the action, as they might feel disposed,
or be advised. But that they should be brought in as parties
defendant is, certainly, without excuse on the face of the
complaint. It is not an answer to say that they need not
appear or defend. Nothing in their status as stockholders
required their presence as defendants. In what sense can
they be said to be necessary parties, or useful to plaintiff's
ends ? Are they shown to be adverse to him, or to be in con-
trol of the corporate management ? Can we assume that their
attitude, with respect to McClanahan, is hostile to the plain-
tiff's ? Not at all; so far as the pleading shows. I think
that these defendants had a legal right to object to being
dragged into a lawsuit. They might have been invited to
join the plaintiff and, in that case, the usual procedure in
equity would have been followed.

To any suggestion that the stockholders were proper par-
ties, upon the ground that their joinder would prevent a mul-
tiplicity of actions against McClanahan, the answer, obviously,
is that there is no appropriate averment in the complaint that

other suits are threatened. It might be added that the plaintiff is not the one interested in invoking the protection of that principle of equity jurisprudence; however appropriate would have been his invitation to stockholders, similarly situated, to join with him as complainants. Enough has been said, in connection with the full discussion in the prevailing opinion at the Appellate Division, and I advise the affirmance of the judgment.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; CHASE, J., dissents on · dissenting opinion below.

Judgment affirmed, with costs.