(160 App. Div. 277)

### HAY v. BROOKFIELD et al.

(Supreme Court, Appellate Division, First Department. January 23, 1914.)

CORPORATIONS (§ 320*)—STOCKHOLDERS' ACTIONS—PARTIES DEFENDANT.

In an action brought by the minority stockholders against the corporation and the directors to set aside a sale of the entire corporate assets for an insufficient price, other stockholders against whom no relief is asked are not entitled to intervene as parties defendant, for the action, while one in equity, is primarily for the recovery of money, and other stockholders will, if the recovery is had, be entitled to share pro rata.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

Appeal from Special Term, New York County.

Action by James R. Hay, suing for himself and all other stockholders of the Franklin Loan & Improvement Company, against Frank Brookfield, Henry M. Brookfield, and the Franklin Loan & Improvement Company. From an order granting the motion of Kate M. Brookfield to intervene as a party defendant, plaintiff appeals. Order reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Kindleberger & Robinson, of New York City (E. Crosby Kindleberger, of New York City, of counsel), for appellant.

O'Brien, Boardman & Platt, of New York City, for respondent.

CLARKE, J. This is a stockholder's action. The complaint alleges that the defendants, Frank and Henry M. Brookfield, in the year 1910, were and at the present time are directors of the Franklin Loan & Improvement Company, a New Jersey corporation, and did then and do now own and control 230 of the 250 shares of said company, and were the principal officers thereof, and are now the sole officers of said company; that in the month of July, 1910, the entire assets of said company consisted of certain real estate situate in the town of Nutley, N. J., of the fair and reasonable value of at least $153,655. The said defendants Frank and Henry M. Brookfield, without notifying the plaintiff or calling a meeting of stockholders, did, at a purported meeting of directors, of which they alone were present, pass a pretended

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

resolution, authorizing the officers of said company to sell all the company's property for $21,000, which was a grossly inadequate price, as said defendants well knew, and that thereafter said property was so conveyed. In so acting the said defendants assumed powers not legally committed to them as directors, and acted in direct violation of the rights of this plaintiff and other stockholders, and that said sale was illegal, ultra vires, and void as against this plaintiff and the stockholders of said Franklin Loan & Improvement Company, and, for a second cause of action, that said defendants, in effecting said sale at the price obtained, grossly neglected the interest of said company, greatly damaged the said company, and constituted a fraud upon said company. Wherefore judgment is asked against said defendants for the sum of $132,655, and that they be compelled to account to the company for their official conduct.

Mrs. Brookfield moved to be made a party defendant upon a petition alleging that she owned 210 shares out of the 250 shares of the capital stock of said company; that her two sons, Henry M. and Frank Brookfield, each owned but 10 shares; that by bringing this action plaintiff is involving the defendant company in serious litigation, and as deponent is the person most vitally interested, she begs leave to be made a party defendant herein; and from the order granting said motion plaintiff appeals.

This is a representative action in behalf of the corporation against its officers for dereliction of duty upon their part. The petitioner, a stockholder, does not seek to be made a party plaintiff, but to be joined as a party defendant, and appears by the same attorneys who represent the individual defendants and the company. The complaint asks for no relief against her, or against any stockholders of the company.

In McCrea v. McClenahan, 114 App. Div. 70, 99 N. Y. Supp. 689, a stockholders' action had been brought, and certain stockholders had been made parties defendant, who demurred to the complaint. The demurrer was sustained by this court, two Justices dissenting. Mr. Justice Ingraham, writing for the majority, said:

"None of these defendants has any interest in this controversy adverse to the plaintiff. On the contrary, it is to the interest of the stockholders that the corporation should recover from its president any amount that he has unlawfully disposed of or appropriated. Nor are any of these stockholders necessary parties defendant for a complete determination or settlement of the question involved in the action. Whatever money is recovered in the action will be received by the corporation to be applied to its corporate use. Other stockholders are not in any sense necessary to a determination of a claim in favor of the corporation against its president, and it is such a claim that this action is brought to enforce."

This was affirmed by the Court of Appeals (192 N. Y. 150, 84 N. E. 960), the court saying:

"The plaintiff joins as defendants with the company and McClenahan all those who were stockholders; but neither as to them as a body, nor as to the demurring defendants in particular, is there any allegation of participation in the alleged wrongdoings, or of any fact which would suggest the propriety of their being brought in as defendants. * * * I am not aware of any authority for the course taken, and none is brought to our attention. The necessary defendants to an action, where, as here, the complainant charges miscon-

duct and malversation of funds on the part of some one, or more, of the officers or directors of a corporation, are the defaulting officials and the directors, or the trustees, who direct and are responsible for the corporation."

In Lewisohn Bros. v. Anaconda Copper Co., 29 App. Div. 552, 51 N. Y. Supp. 1089, the court said:

"The test as to who is a necessary party has often been applied by determining whether, if made a party, he could demur successfully on the ground of no cause of action; because if he could, it would be seldom, if ever, proper to compel the plaintiff to add such a person as a party defendant."

In Mulheran v. Gebhardt, 93 App. Div. 98, 86 N. Y. Supp. 941, it was held that in a stockholder's action a director who was not one of the persons guilty of the conversion alleged, and who had no connection. with the corporation until long after the consummation of the conversion, is not a proper party to the action, and the complaint is demurrable as against him.

It is clear that if this had been an action at law, plaintiff could not be required to bring in any party which he did not desire to join. Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3; Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30; Oppenheimer v. City of New York, 149 App. Div. 172, 133 N. Y. Supp. 741.

While the case at bar is in equity, it is substantially for a legal remedy. The stockholder is obliged to come into equity to prosecute a cause of action which the corporation has, but which it does not and will not assert.

In Pollitz v. Wabash Railroad Co., 207 N. Y. 113, 100 N. E. 721, the court said:

"The plaintiff, in behalf of the corporation, is seeking to enforce in equity a legal right, to wit, the right of the corporation to recover from the individual defendants the damages resulting from their misuse of its assets."

The order appealed from was improvidently granted, and should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.