SAMUEL HECHLER, etc., Plaintiff, v. ARCHIBALD C. EMERY and Others, Defendants.

Supreme Court, New York County, September 12, 1928.

Katz & Levy [Samuel Hoffman of counsel], for the motion.

Marshall, Wehle & Hinckley [J. Markham Marshall of counsel], opposed.

LEVY, J. This stockholder's action was instituted against Archibald C. Emery, who was president of the defendant corporations, to compel him to account for certain acts of waste. He is the owner of the entire voting stock of the defendant United Investors Securities Corporation, which constitutes but a fraction in value of the total stock. This corporation was made a party to the action, but, as observed in Young v. Equitable Life Assurance Society (112 App. Div. 760, 762), the fact that in a stockholder's action against directors the corporation itself is also made a party defendant does not make it necessarily an action against the corporation, it being " here only to receive such benefits as the judgment of the court gives it. No action upon its part is required or expected." That fact notwithstanding, the court saw to it that the full board of directors was invited to attend before it in the hope of conserving the property of the stockholders. Upon a previous application I deemed it advisable to direct the voting stock of the corporation to be turned over to receivers pending the determination of the action. While I could not decide from the mere papers whether the charges of waste were substantiated, it did appear

to me that there was something unfair in the form or organization which practically gave to one man absolute control over the entire assets of the corporation and disfranchised the stockholders; and that it was too sweeping and undemocratic a power to be afforded one man, no matter how great his ability or how high his integrity. (*Hechler* v. *Emery*, 131 Misc. 393.)

After the appointment of the receivers, a motion was made by some stockholders to be joined in the action as party defendants. This application was denied, on the authority of *Hay* v. *Brookfield* (160 App. Div. 277). The very obvious intention of these stockholders was to defend the charges brought against Mr. Emery for mismanagement and avowedly to assist him in continuing the then method of management. In fact, a large number of the stockholders, including the proposed party defendants, signed a statement approving the conduct of affairs and expressing their complete satisfaction with the status of the business. Plaintiff, however, was not satisfied, and pressed his suit, charging that the directors whom Mr. Emery had designated were speculating on behalf of the corporation with the moneys sacredly intrusted to them, and for that reason he demanded that the receivership be extended so that the entire assets of the given corporation be turned over to the receivers originally appointed. This is the motion that is now pending.

As already observed, numerous conferences and hearings were held before me in an attempt to adjust the matter, and prevent the unfortunate effect of a receivership of a corporation such as this. The present directors caused to be appointed by Mr. Emery insisted they were fully competent to continue the affairs of the corporation along existing lines; but it requires no great diagnostician to see that while the corporation is authorized to purchase stock of all kinds, a diversion of a large proportion of the funds in speculative channels, while perhaps technically legal, is imprudent in the highest degree. It does not accord with the original inducements which brought in many of the stockholders, who counted on the corporation to be managed along sane and conservative lines, and in close relation with a then going banking institution. These expectations have not been realized, and as a result a considerable number of suits for rescission are pending against the corporation. It is indeed unfortunate that Mr. Emery has become seriously ill, and it is a known fact that he is unable to devote that close attention to affairs which he otherwise might have given if his health permitted; and in view of his desire to dispose of the lawsuits and to promote the interests of the corporation by eliminating the one-man control, he has offered a tentative proposition of settlement, subject to the approval of this court. The plan which has been accepted in open

court by plaintiff appeals to me as utterly fair, and very much to be preferred over the results bound to flow from an extension of the receivership, which undoubtedly will work loss to the stockholders. It also impresses me particularly in this respect, that Mr. Emery is agreeable to transfer the entire voting control to a corporation which is said to be highly responsible, and in close affiliation with a banking institution, and, therefore, in a position in some measure at least to redeem the promise to the stockholders at the time of their original investment. And most important of all, the plan if effectuated transfers one-third voting power to the previously disfranchised stockholders or owners of the Class B stock. In the light of all this, I consider it as calculated to promote the best interests of the corporation and its stockholders. In addition, it offers certain other advantages, such as the placing of $50,000 into the treasury of the corporation. While the present directors may not be favorably inclined toward the proffered plan, because it may tend to remove them from their present control, they certainly have no real cause for complaint, because they should have anticipated when they took office that the power which appointed them and upon which they rely, could just as promptly remove them.

The motion for the extension of the receivership is, therefore, denied, on the conditions expressed in open court. Order signed.