GENERAL FINANCE CORPORATION v. NEW YORK STATE RYS. et al., and three other cases.

No. 148.

District Court, W. D. New York.

June 20, 1933.

See, also, 1 F. Supp. 381.

Glenn L. Buck, of Rochester, N. Y. (William B. Rosenberg, of Rochester, N. Y., of counsel), for Henderson Mosher, Inc.

Henry W. Killeen, of Buffalo, N. Y., for General Finance Corporation.

John P. Morse, of Rochester, N. Y., for William S. Morse Lumber Co.

976

Castle & Fitch, of Rochester, N. Y. (Vilas M. Swan, of Rochester, N. Y., of counsel), for Genesee Valley Hospital.

Raines & Raines, of Rochester, N. Y. (Eugene Raines, of Rochester, N. Y., of counsel), for Whitemore, Rauber, and Vicinus and for Rochester Vulcanite Pavement Co.

Dwyer, Reilly, Roberts, McLouth & Dicker, of Rochester, N. Y. (John J. Reilly, of Rochester, N. Y., of counsel), for Schell Eastern Petroleum Products.

Isaac Adler, of Rochester, N. Y., for S. R. Robie.

Floyd G. McDermott, of Rochester, N. Y., for American Clay & Cement Corporation.

Other claimants appearing in person.

ADLER, District Judge.

This motion was made by the petitioner to have fixed and allowed to him a sum as compensation for his services performed in the above entitled cause, in connection with the determination before a special master of the amounts due to certain preferred creditors. The report of the special master was duly confirmed by the court and established the claims therein stated as entitled to preference and fixed the amounts thereof. A number of creditors whose claims were fixed by this report appeared on this motion either by counsel or in person, and such of them as addressed the court voiced their opposition to the making of an allowance by the court to the petitioner out of the amount payable to them as determined by the special master's report.

It was conceded that the petitioner took the laboring oar in the proceedings before the special master, and that to that extent his efforts inured to the benefit of all of the claimants. It is left to the court to decide whether under these circumstances an allowance to the petitioner for these services can be properly made out of the funds payable to the creditors. The petitioner was permitted to intervene in behalf of his individual client for the purpose of establishing the right of his client to a preference.

■ The general rule is that each client should pay his own solicitor. Burroughs v. Toxaway Co. (C. C. A.) 185 F. 435; Nolte v. Hudson Navigation Co. (C. C. A.) 47 F. (2d) 166.

The petitioner seeks to bring this case within the decisions of Trustees of Internal Improvement Fund v. Greenough, 105 U. S. 527, 26 L. Ed. 1157, and Central Railroad & Bkg. Co. v. Pettus, 113 U. S. 116, 5 S. Ct. 387, 28 L. Ed. 915, but in my opinion he has failed to do so. The rule we must follow has been admirably stated by Judge Dayton in Re Gillaspie (D. C.) 190 F. 88, 91: "The only proper cases that can arise where courts of equity and bankruptcy as well can award compensation to an attorney out of funds due others than his client is where, as I have heretofore indicated, such an attorney for one of a class has 'created' or secured a fund and brought it into the custody of the court, which fund is to inure, not alone to the benefit of his client, but to that of all those belonging to this class. In such cases the courts award compensation to the attorney out of the fund due to all, not on the theory of his having an attorney's lien, but on the broader theory that all interested in the fund should contribute ratably to the cost of 'creating' or securing it."

■■ In the case at bar the petitioning attorney did not create this fund. The fund existed and was in the hands of the receivers for distribution. It cannot be said that the efforts of the petitioner secured the fund. The receivers were represented by counsel and there was no danger that the fund would be dissipated or negligently administered as was the situation in the Greenough Case. See, also, Weed v. Central of Georgia Ry. Co. (C. C. A.) 100 F. 162, at page 165.

Many of the preferred creditors were represented by their own counsel. Where creditors are represented by counsel of their own choice, who do in fact act for them, they cannot be compelled to share in the expenses incurred by the employment of other counsel by other creditors. Fletcher v. Coomes et al., 52 App. D. C. 159, 285 F. 893.

There is no evidence that any of the creditors represented by other counsel expressly or impliedly consented to be represented by the petitioner.

While there is no question that the petitioner in this case did his work ably and efficiently, and I would be pleased to see him adequately compensated, I am forced to the conclusion that I cannot order payment to him out of any of the funds in the estate, and he must look to his clients for compensation. Davis v. Seneca Falls Mfg. Co. (C. C. A.) 17 F. (2d) 546; Pennington v. Commonwealth Hotel Const. Corp. (Del. Ch.) 158 A. 140, see Note 49 A. L. R. 1149.