## In re NATURAL DRY GINGER ALE CORPORATION.

### No. 19652.

District Court, W. D. New York.

Feb. 27, 1935.

Skivington & Skivington, of Rochester, N. Y., for petitioner Skivington.

Hyman G. Gould, of Rochester, N. Y., for petitioner Pierce.

Thos. P. McCarrick, of Rochester, N. Y., for creditors Peter and Spiro Rousos.

Harger R. Schell, of Rochester, N. Y., for trustee Lawrence Ogden.

RIPPEY, District Judge.

On November 7, 1932, Macomber and Skivington, as attorneys for George Paris, "Suing on behalf of himself and all other stockholders of The Natural Dry Ginger Ale Corporation, who are situated similarly with himself, and who may appear and contribute to the expense of this action," commenced an action against The Natural Dry Ginger Ale Corporation, Spiros Rousos, Peter Rousos, Ernest J. Protopapas, and George S. Palmos, in the Supreme Court of Monroe county, to remove Peter and Spiro Rousos as directors of the corporation, to compel them to surrender and return to the corporation fifty shares of stock, to ascertain and to compel them to reimburse the corporation for loss sustained by the corporation through the alleged wrongful acts of said Peter and Spiro Rousos, and for the appointment of a receiver, etc. Issue was duly joined, and plaintiff procured an order for the examination of the defendants, other than the corporation, before trial, and Charles L. Pierce was named referee to take the depositions by an order dated January 6, 1933. Extensive hearings were had before the referee and exhaustive preparation was made for the trial of the action. Before the case proceeded to trial, an involuntary petition in bankruptcy was filed and the corporation was adjudicated bankrupt on February 14, 1933. An order was made staying all proceedings in the state court action. In due time, George J. Skivington, one of the attorneys for plaintiff in the Supreme Court action, filed a claim in this proceeding for $2,589.50 for services and disbursements in that action, and Charles L. Pierce filed a claim for $125 for referee fees. The referee disallowed and expunged both claims. The question of the amount properly allowable to claimants was not litigated before the referee. That question was reserved, pending decision as to whether any allowance whatsoever could be made. The referee held that, regardless of the value of the services performed, no claim would lie against the bankruptcy estate.

The question presented is whether the referee in this proceeding erred in disallowing and expunging the claims.

Immediately upon the adjudication in bankruptcy, all property of the bankrupt vested in the trustee as of the date of the filing of the petition. The control over the estate thereupon rested exclusively with the bankruptcy court, and any applications for allowances for services in the state court action could be made only to the bankruptcy court. Taylor v. Sternberg, Trustee (C. C. A.) 71 F.(2d) 157, affirmed (Jan. 7, 1935) 55 S. Ct. 260, 79 L. Ed. —; Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243, 90 A. L. R. 1215.

Had the state court action proceeded to judgment for the relief demanded in the complaint, the work of petitioners would have resulted, necessarily, in benefit to the corporation. Wangrow v. Wangrow, 211 App. Div. 552, 207 N. Y. S. 132; McCrea v. Robertson, 192 N. Y. 150, 84 N. E. 960; Planten v. National Nassau Bank, 174 App. Div. 254, 160 N. Y. S. 297, affirmed Planten v. Earl, 220 N. Y. 677, 116 N. E. 1070. Under such circumstances, had bankruptcy not intervened, the state court would have required reimbursement to plaintiff out of the fund collected for his reasonable costs, and expenses incurred in prosecuting the action. Woodruff v. N. Y., L. E. & W. R. Co., 129 N. Y. 27, 29 N. E. 251; Atwater v. Elkhorn Valley Coal Land Co., 184 App. Div. 253, 171 N. Y. S. 552, affirmed 227 N. Y. 611, 125 N. E. 912; Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165. However, neither the attorney nor the referee would have had any claim against the fund thus created. Their charges were against their client. Only the plaintiff could seek allowance or reimbursement. A referee in such an action is a voluntary actor, and he must enforce payment for services only from the party procuring his appointment, and any reasonable sum allowed to or paid by the party to such a referee may be included in the bill of costs awarded in the final decree, Little v. Lynch, 99 N. Y. 112, 1 N. E. 312.

In the case at bar, the plaintiff in the state court action did not prosecute the case to judgment. He created no fund for the benefit of the corporation out of which any award for costs and expenses could have been made. His effort, however meritorious, produced no benefit to the corporation. The mere fact that bankruptcy intervened to hinder his prosecuting his case to a favorable conclusion is of no assistance to him in this proceeding. Had he been satisfied that his action was meritorious and that the bankruptcy proceedings were part of a conspiracy to defeat a meritorious and just claim, he might have found a way to thwart such a conspiracy and secure justice. For all practical purposes, he acquiesced in the proceeding in the bankruptcy court. The proceeding at bar presents no issue as to the propriety of the election of the trustee in bankruptcy or in his abandoning the state court action or of his failure to procure an adjudication on the subject-matter of that action in a proper tribunal. The fact here is that no action was taken by any one, after the intervention of bankruptcy, to bring to the corporation and its creditors and stockholders any benefits which claimants assert might have resulted through further litigation of the facts set up in the complaint in the state court action.

As the case now stands, the efforts of plaintiff and his counsel have resulted in no benefit to the bankrupt's estate, and no fund has been created for the benefit of the creditors. Even though the plaintiff in the state court action had been the claimant here, instead of his attorney and the referee, the court has no power to make an allowance. Randolph v. Scruggs, 190 U. S. 533, 23 S. Ct. 710, 47 L. Ed. 1165; General Finance Corporation v. New York State Rys. (D. G.) 3 F. Supp. 975. In Re Zier & Co. (C. C. A.) 142 F. 102, 103, the court lays down the rule applicable here in these words: "Such claim is allowable only upon equitable considerations for services from which the estate in bankruptcy has derived benefit, and to the extent only that they were beneficial in fact."

The questions certified in each case must be answered in the negative, and the petitions dismissed. So ordered.